JOSEPH SUMMA, Respondent, *v.* WILLIAM MASTERSON and Another,
Appellants.

First Department, January 15, 1926.

Partnership — existence — action for dissolution and accounting — evi-
dence does not establish creation of relation.

In an action to dissolve an alleged partnership and for an accounting, the evidence
does not establish the creation of a partnership relation, and it was error, there-
fore, for the trial court to find that the parties to the action entered into a
partnership.

APPEAL by the defendants, William Masterson and another,
from an interlocutory judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county of
New York on the 26th day of March, 1925, upon the decision of
the court rendered after a trial at the New York Special Term.

*McCombs & Ryan* [*Frederick R. Ryan* and *Samuel A. Adamson*
with him on the brief], for the appellants.

*John B. Coppola,* for the respondent.

McAVOY, J. An interlocutory judgment was entered in this
action finding that defendants and plaintiff were partners. A
receiver was appointed to hold the assets of the partnership, and
a reference was ordered to take an accounting. Plaintiff brought
this suit demanding a dissolution of the alleged copartnership
and set forth that he and the defendants, Masterson and Libutti,
formed this copartnership on March 20, 1922, under the firm name
of William Masterson & Co., for the purpose of carrying on a
mason contracting business. There was no term to the partnership
and the plaintiff and defendants were to continue until they con-
sented to dissolve. They were all to contribute their personal
services, and the defendant Masterson was to furnish the capital.
All were to co-operate in the management of the business. Plaintiff
was to receive one-third of the net profits, and upon dissolution of
the partnership Masterson was to be repaid his investment. The
partnership is alleged to have continued until April, 1924, when, it
is asserted by plaintiff, on the twelfth of that month defendants
took possession of the partnership books and assets, refusing to
allow plaintiff access thereto, and refusing to account for any
profits. The defendants denied these allegations which plaintiff
set out in his complaint.

Plaintiff is a business agent of the Masons' Union. Defendant
Masterson has been in business in the city of New York as an
excavator and masonry constructor of foundations for many years

and prior to 1916 carried on the business individually. In the year 1916 a corporation was formed known as William Masterson Co., Inc., which carried on the same line of business. Defendant is president of the William Masterson Co., Inc., and since 1916 has managed the business. The plaintiff prior to 1916 had been employed by Masterson as a stone mason upon daily wages, and the defendant Libutti was employed as a foreman by Masterson prior to the formation of the company. For over twenty-seven years Masterson has been engaged in business in New York city as an individual contractor. Since 1916 he has operated solely in corporate form.

There was no corroboration of any kind of plaintiff's testimony by witnesses who claimed to have heard any oral declarations of the existence of the partnership or by any writing in which the partnership was referred to. Even Libutti, the other defendant, is not said to have been present at any of the conversations at which the partnership was discussed. Prior to the actual agreement in which plaintiff claims to have been made a partner there were alleged preliminary conversations in which defendant Masterson promised to make the plaintiff a partner, and on March 15, 1922, plaintiff testified that the conversation was had with Masterson in which the partnership agreement was made. He also claimed to have made several oral demands for an accounting, but never had any accounting given him. He testified to having had many payments on account of the profits. He made proof of a method of payments to him which gave some color to his claim that he was paid profits instead of wages. This proof was: Plaintiff was first employed as a stone mason at a daily wage. In 1921 he was made assistant foreman and later a general foreman. He became foreman in April, 1922, and his salary was then increased to $75 a week. When he became foreman, Masterson testified that plaintiff said he preferred not to take his wages weekly, but wished to have them held so that he could draw on them as needed. For some months he drew his regular salary at the rate of $300 a month. Thereafter he allowed it to accumulate, and in some instances, in fact, on three occasions, he received $1,000, and on one occasion the sum of $1,500. In April, 1924, his entire arrears of salary were paid to him and then he began to draw weekly wages at $75 per week. This continued for only two weeks; then he left his work without notice and made a demand in a letter for what was owed him, but in it he did not mention any right as a partner nor claim participation in profits. This may have been due to his lack of training in business methods and to his poor knowledge of English, because although he was in this country for more than twenty-one

years, he was unable to speak English intelligibly at the trial and gave his testimony through an interpreter. Doubtless the letter was written for him and he should not be precluded from asserting his right now because of his failure to call for profits or mention the specific relation of partnership.

Masterson denied having made any agreement to admit plaintiff to a partnership or that any demands had ever been made on him for an accounting or that plaintiff was to participate in profits from the concern. Libutti, the other defendant and alleged partner, also testified against his own interest, that he had never been a partner of Masterson, or of the plaintiff and defendant Masterson.

The learned court at Special Term found as a fact that Masterson was president of the corporate concern, and that all the contracts on which plaintiff had been employed and in which he claimed to be a partner were corporate contracts, and that the contracts were for excavating, blasting and masonry construction. Plaintiff, however, testified that he was a partner with the defendant Masterson in the business of constructing masonry foundations only. No further proof was made at the trial of the parties' relations.

It is argued by defendants that plaintiff deliberately concocted the claim of partnership and proved it solely by his own uncorroborated oral statements. Besides, defendants assert that the evidence is unworthy of belief and does not of itself show a partnership.

The complaint sets forth an agreement between the plaintiff with both Masterson and Libutti, the defendants, to enter into a copartnership business under the firm name and style of William Masterson & Co., but there is no proof whatever that plaintiff ever discussed a partnership with defendant Libutti or that he ever heard Masterson discuss Libutti's participation. There is nothing to connect Libutti with the agreement of copartnership, and there is no evidence from which it could be deduced that these three persons ever became partners. There is, however, a finding that a partnership was entered into between these three persons by agreement. This finding cannot be sustained. The oral partnership agreement also lacks any statement of the nature of the business to be carried on in the conversations reporting it, although this may possibly have been inferred by reason of the fact that plaintiff had always been engaged in one class of work for defendant. There was no name for the partnership agreed on, there was no office at which it was to conduct business, no mention of the management of the business, no place of deposit of its moneys

11

was agreed upon, the power to draw checks was not considered nor provided for, the payment of due bills is left out of the arrangement, and nothing whatever was agreed to in respect of payment of or liability for losses incurred in the conduct of the business of the partnership.

Plaintiff claimed that he began demanding accountings in July, 1922, four months after the partnership was formed. He said that these oral demands for an accounting were constantly repeated. No accounting, however, was ever forthcoming. He remained at work until April 18, 1924, without any accounting, notwithstanding all his unsuccessful attempts to get one. He never had any one write to defendant Masterson demanding an accounting, nor did he ever claim the payment of any other moneys than could be credited to his wages as a foreman. A comparison of the sums he received with the wages due him at seventy-five dollars per week during the whole period of his employment differs by only twenty-five dollars from exact concordance. The payments in this list undoubtedly represent nothing but plaintiff's wage account, and his testimony that they were drawing accounts, on account of profits, is pure fiction. Libutti, his alleged fellow-partner, also left his money with the employer and drew sums whenever he needed them. There was nothing in this evidence upon which the finding of a partnership ought to have been based.

The learned court at Special Term also found that plaintiff and defendants as copartners owned trade implements and have outstanding accounts which the defendants refuse to divide equitably. There is no evidence anywhere in the record that outstanding accounts existed, nor is there any evidence that the alleged copartners jointly owned trade implements. The capital and the working implements were all supplied by Masterson. There is no proof that any implements were purchased with partnership funds, or that any equipment for the execution of the contracts was purchased out of moneys of the copartnership enterprise. If the trade implements belonged to the defendant Masterson and were contributed by him, they remained his property in the absence of any agreement that they were to be partnership property, and plaintiff had no interest in them. There was no identification at all of the alleged partnership property which the receiver who was appointed could take over.

The testimony here is so lacking in probity and weight, and the circumstances so clearly are against the probability of any such partnership arrangement having been made, which was, in effect, putting a business wholly owned, controlled and financed by defendant Masterson in the hands of two employees and retaining for

himself only one-third of the earnings, and this without any return on his capital or equipment, and without salary for his services, that the testimony strains credulity to such an extent as to require a reversal of the judgment and a dismissal of the complaint.

The interlocutory judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment reversed, with costs and complaint dismissed, with costs.