IDA KRAUS, Respondent, v. DAVID M. WOOLIN and Others, Appellants, and MARTY HOLDING CORPORATION, Defendant.— Action to sequester the property of defendant Marty Holding Corporation, to apply the proceeds of such property toward the payment of a judgment held by plaintiff, and for other relief. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

SAMUEL METRIK, Appellant, v. NATHAN D. SHAPIRO and Others, Attorneys-at-Law, Doing Business under the Firm Name and Style of NATHAN D. SHAPIRO & BROS., and Another, Respondents.— In an action to recover for losses sustained with respect to investments made by plaintiff, through the medium of the defendants, on the ground that the defendants breached their fiduciary obligations in failing to disclose material facts, judgment for defendants unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

ANN E. MURRAY and JOSEPH P. MURRAY, Respondents, v. NORTH SHORE BUS COMPANY, INC., Appellant.— In an action by the plaintiff wife to recover damages for personal injuries and by the plaintiff husband for expenses and loss of services, due to the alleged negligence of the defendant in the operation of a bus in which the wife was a passenger, defendant appeals from a judgment in favor of plaintiffs, entered upon a jury verdict. Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the verdict is against the weight of the evidence. Lazansky, P. J., Carswell and Close, JJ., concur; Adel and Taylor, JJ., concur in the reversal, but upon the law, and vote to dismiss the complaint on the law upon the ground that plaintiffs failed to prove a cause of action, with the following memorandum: Plaintiff wife, while thus a passenger, sustained a fracture of one of the bones of her right forearm. She was her sole witness on the subject of liability and testified that the cause of her injury was a sudden and violent jerk of the bus straight ahead, by which she was pitched or thrown forward with the result that her arm "went on" and "came to" the seat in front of her. As to the result of the claimed jerk, her testimony is incredible as matter of law. According to natural laws, such a movement of the bus would have thrown her backward and not forward. In her testimony she negatived definitely any sudden stopping or slowing of the bus which alone could have thrown her forward. Defendant introduced evidence which, if credited, points to the conclusion that plaintiff wife's injury was caused by a stone hurled into the bus through an open window beside which she was seated. There is no evidence to connect the defendant with the hurling of the stone. Plaintiff wife's testimony was incredible as matter of law and insufficient to take the case to the jury. (*Matter of Harriot*, 145 N. Y. 540, 546; *Bank of United States* v. *Manheim*, 264 id. 45, 50, 51; *Summa* v. *Masterson*, 215 App. Div. 159, 162, 163; *Cantor* v. *National Surety Co.*, 208 id. 370, 373; *Szpyrka* v. *International R. Co.*, 213 id. 390, 393.)