In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of HERBERT B. TURNER, Deceased.

Supreme Court, Special Term, New York County, May 12, 1949.

332

*David Kelly* for City Bank Farmers Trust Company, as trustee, petitioner.

*Guy W. Gordon* and *Frederick B. Merkle* for Thornton F. Lorentzen and others, respondents appearing specially.

EDER, J. The petitioner, City Bank Farmers Trust Company, moves that the account of its proceedings, as trustee herein, be judicially settled and allowed; that this court determine to whom the principal of the trust in the hands of the petitioner, set apart

for the benefit of Mary Turner Foote, is now payable, and direct payment thereof accordingly, and for such other and further relief as to the court may seem just and proper.

Certain of the respondents have served and filed a special notice of appearance, by Guy W. Gordon, as their attorney, and have also served and filed an affidavit, in effect, a combination of special appearance and answer to the petition, and, also, a supplemental affidavit objecting to jurisdiction of the subject matter.

In sum, the afore-mentioned special notice of appearance and affidavits are served and filed only for the purpose of objecting to the jurisdiction of this court in entertaining the petition and account herein and to challenge the jurisdiction of this court over the subject matter.

Although a special appearance has been served and filed, as stated, no motion for a ruling thereon had been made by said respondents.

The affidavit originally filed, after stating that its purpose is to raise the question of jurisdiction of this court " and not for the determination of any question upon its merits ", nonetheless proceeds to deny various allegations of the petition, and, in consequence, has been treated by the petitioner as being, in effect, a verified answer on the merits of this proceeding on behalf of said respondents and as thereby constituting a general appearance and a general submission to the jurisdiction of this court.

Accordingly, the petitioner has now moved this court, by separate motion, for a determination that by said " answer " said respondents have appeared in this proceeding, and for an order pursuant to rule 104 of the Rules of Civil Practice, striking out the " answer " on the ground that it is sham and irrelevant and granting petitioner judgment or a final order on the pleadings, and for such other and further relief as to the court may seem just and proper.

The practice pursued by said respondents is an irregular and unauthorized one and if the affidavit be treated as an answer, it might have the effect, in the situation disclosed, of vitiating the special appearance insofar as it is attempted to assert a lack of personal jurisdiction over said respondents (*Montgomery* v. *East Ridgelawn Cemetery*, 182 Misc. 562, affd. 268 App. Div. 857).

The supplemental affidavit, however, challenges the jurisdiction of this court over the subject matter, and this is an objection that cannot be regarded as waived, however the original affidavit be regarded, since jurisdiction in such a case cannot be acquired by consent or general appearance.

I think it is clear that the objecting respondents, by the service and filing of said papers, intended at all times a special appearance to object to jurisdiction, and I shall, therefore, treat them as constituting such, and shall, therefore, deny the motion for judgment on the pleadings.

As to the question of jurisdiction, I hold that service of the order to show cause and petition was properly made upon said respondents and there remains, then, the question of jurisdiction over the subject matter.

It appears that on or about July 6, 1903, Herbert B. Turner died a resident of Englewood, Bergen County, New Jersey, and that his will was duly admitted to probate by the Surrogate of said county.

By the sixth clause of his will he gave and devised to the petitioner as trustee under his will certain parcels of real property in this city and the proceeds of certain life insurance policies. His widow and children made a voluntary addition in cash to the principal of said trust, so that, together with the aforesaid proceeds of insurance, the trustee had in its possession a fund of $60,000 in addition to the aforesaid real estate.

In accordance with the written request of the widow and children of the decedent, and in exercise of the power granted to it in his will, petitioner applied the aforesaid $60,000 in reduction of a bond and mortgage which encumbered one of said parcels of real estate, and thereupon the only assets in its possession were said parcels of real estate encumbered with the balance due upon certain mortgages; that said real estate was thereafter sold and the proceeds invested in accordance with the investment powers granted to the trustee in and by said will.

Schedule H of the account shows that on May 12, 1948, the last date of said account, there remained in the possession of the petitioner-accountant, securities of a market or inventory value of $209,758.52; that said securities were at that time held in the vaults of the petitioner-trustee at its principal place of business at No. 22 William Street, borough of Manhattan, city of New York; that said securities or such securities as now constitute the principal of said trust fund have ever since been and are now held in such vaults.

In arguing that this court is without jurisdiction over the subject matter the respondents contend that the corpus of the trust consists only of personal property and, therefore, the account of the trustee should be referred to the courts of New Jersey, the State of the decedent's domicile; it is pointed out that petitioner is not acting under an appointment of this court

or of any court of this State, but is a testamentary trustee accounting under the terms of the last will and testament of said Herbert B. Turner, deceased, who died a resident of New Jersey, and that his will was admitted to probate in the Surrogate's Court of Bergen County and hence that court alone has jurisdiction.

I think it is a sufficient answer to this to say, as contended by petitioner, that title to the real property which constituted the corpus of this trust at its inception was derived by the trustee under decedent's will not by the probate of the will in the State of New Jersey, but by the recording of said will and the proofs of its probate in the Surrogate's Court of the County of New York, as alleged in paragraph 2 of the petition.

As is stated in Restatement of the Law (Conflict of Laws, § 243) : " The administration of a trust of land is governed by the law of the state where the land is and can be supervised by the courts of that state only.''

I think it is a further answer to point out that the petitioner-trustee is a domestic corporation and that the testator by appointing a New York corporate fiduciary indicated and expressed an intention to have the trust administered by the laws of this State.

Nor do I see any force to the respondents' contention that as the corpus of the trust consists solely of personal property it must be administered according to the laws of New Jersey, for even a trust of personal property is administered under the law of the situs of the trust.

The trustee herein has sold the real property which originally constituted its corpus and the trust property now consists of personal property, all situated in this State, and this court may properly exercise jurisdiction over it and, as well, over the trustee.

A comparable case is *Farmers' Loan & Trust Co.* v. *Ferris* (67 App. Div. 1) in which the petitioner in this proceeding was trustee of a trust of personal property under the will of a resident of South Carolina and where it was held that the courts of this State were the proper tribunals to settle its accounts as trustee under that will. There, too, jurisdiction was challenged. The court said (pp. 5–6) : '' At the outset the jurisdiction of the courts of this State over the subject-matter of the litigation is challenged. * * * As already stated, the trustee is a domestic corporation and the fund is within this State. The trustee received the fund by virtue of the will of the testator, although it was delivered under an order of the court made in an action

brought by the executors in South Carolina for instructions with reference to their turning the funds over to plaintiff as directed in the will. The order was in accordance with the clause of the will and contained no additional condition. The courts of South Carolina cannot obtain jurisdiction over the plaintiff except by its voluntary appearance. The trust fund and its administration being here, the trustee being a corporation of this State, and the court having obtained jurisdiction of the parties, it may properly exercise jurisdiction and direct how the fund shall be distributed ''.

The contention of respondents that this court has no jurisdiction over the subject matter or to entertain the petition and account herein, or to judicially settle the accounts of the trustee, or to determine to whom the principal of the trust in the hands of the petitioner is now payable, or to direct the payment thereof, is overruled.

There remains now only for consideration the matter of permitting the respondents to 'file objections to the accounting. The respondents are granted permission to file objections within ten days after service of a copy of the order to be entered hereon.

Further disposition is held in abeyance until it is ascertained if objections have been filed.

Settle order.