In the Matter of the Estate of JOHN J. PENDER, Deceased.

Surrogate's Court, Kings County, November 1, 1949.

*Thomas V. Burnett* and *James M. Brooks,* in person, for James M. Brooks, as executor of John J. Pender, deceased, petitioner.

*Harry A. Davidow* for Mary H. Gayer, respondent.

McGAREY, S. In this discovery proceeding, petitioner seeks to examine respondent and to recover a series G United States Savings Bond and two bank accounts. Respondent denies knowledge or possession of the bank accounts and claims ownership of the bond. She also asserts that a prior decree is *res judicata* as to the bond. The petitioner moves to strike out the defense of *res judicata* and for summary judgment on the issue of title

asserting that a bond may not be the subject of an *inter vivos* gift. The motion for summary judgment is denied for the reasons indicated.

The decree in the prior proceeding is not *res judicata* as the issues with respect to this particular bond were neither litigated nor determined. While the record discloses testimony with respect to this particular bond, neither party asked for a specific finding as to its ownership and the jury's verdict and the decree entered thereon makes no reference to it.

The negative finding by the jury verdict and decree thereon that the respondent possessed no other property of the testator was an immaterial and unessential fact to the issue concerning ownership of specific property, hence the parties are not concluded by the judgment (*Donahue* v. *New York Life Ins. Co.,* 259 N. Y. 98) ; nor is there such a measure of identity in the first proceeding that a different judgment herein would destroy or impair rights or interests previously established (*Karameros* v. *Luther,* 279 N. Y. 87; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 308). The burden of proof that a judgment is *res judicata* rests upon the person asserting it (*Jasper* v. *Rozinski,* 228 N. Y. 349, 356; *Townsley* v. *Niagara Life Ins. Co.,* 218 N. Y. 228, 233; *Griffen* v. *Keese,* 187 N. Y. 454, 464). This burden has not been sustained by the respondent, and the motion to strike that defense from her answer is granted.

The respondent's answer claims ownership of this bond but does not allege how she acquired it. The court cannot indulge in presumptions on a motion for summary judgment. The petitioner is entitled to a full inquiry and disclosure under oath of the facts regarding such claim. Accordingly, in the interest of justice and expedition, the court directs the respondent to submit to examination, with respect to all of the facts and circumstances surrounding her acquisition of the said bond and her claim of ownership, under the provisions of section 288 of the Civil Practice Act. At the same time she shall be examined under section 206 of the Surrogate's Court Act, with regard to the two bank accounts, possession and knowledge of which is denied by her.

Settle order on notice, providing for such examinations.