In the Matter of the Estate of JOSEPH PALEGA, Deceased.

Surrogate's Court, New York County, August 16, 1955.

*Benjamin Esberg* for Anna Palega, as administratrix of the estate of Joseph Palega, deceased, petitioner.

*Rabinowitz & Hornstein* for Nicholas J. Palega, respondent.

FRANKENTHALER, S.  In this discovery proceeding the administratrix seeks to recover the assets of a window cleaning business. Respondent, son of decedent, claims title as surviving partner to one half of such property.  Respondent's defense of laches is dismissed.

The certified copy of the certificate of partnership filed pursuant to section 440 of the Penal Law raises the presumption that decedent and respondent became partners as of March 5, 1953 (Penal Law, § 440, subd. 6).  This presumption was not overcome by the proof offered at the hearing.  As a result there is no jurisdiction in this court to compel delivery of any assets which constituted partnership property (*Matter of Lichtblau,* 146 Misc. 278; *Matter of Katz,* 63 N. Y. S. 2d 298; *Matter of Kurzbam,* N. Y. L. J., March 5, 1953, p. 738, col. 7; see *Matter of Di Stefano,* 63 N. Y. S. 2d 296, and Partnership Law, § 51, subd. 2, par. [d]).  Based upon the evidence, however, the court finds that when decedent converted the business from a sole proprietorship to a partnership with respondent, he

retained title to all the tangible assets used in his business. In such a situation, although these individual assets are used by the partnership, they do not become partnership property. (See *Hillock* v. *Grape,* 111 App. Div. 720; *Matter of Lichtblau, supra,* pp. 280–281; *Van Voorhis* v. *Webster,* 85 Hun 591; *Niagara Co. Nat. Bank* v. *Lord,* 33 Hun 557; *Quinn* v. *Reed,* 85 Misc. 510, and *Summa* v. *Masterson,* 215 App. Div. 159.) In addition, ownership of the accounts receivable and the deposits receivable was retained by decedent and was not transferred to the respondent personally or to the partnership. Accordingly, the court holds that petitioner is entitled in this proceeding to recovery of all the items, their value or the proceeds therefrom, as set forth in the stipulation filed herein, with the exception of cash and the unexpired employees' liability insurance. Determination of the interest, if any, of the estate in the above-excepted items must await a partnership accounting. (See Partnership Law, § 74, and *Matter of Lutz,* 202 Misc. 903, affd. 281 App. Div. 809.)

Submit decree on one day's notice.