William 0. Hecht, Jr., J.
This is an application by the City Bank Farmers Trust Company, as trustee of an inter vivos trust, requesting a construction of the provisions of article “Fifth” of the trust agreement, to the effect that the powers given to the trustee in said article are permissive in nature and not mandatory. It also requests the court to find that the trustees are possessed of the statutory investment powers vested in trustees by the laws of the State of New Jersey as the same may provide from time to time, or, in the alternative, if the provisions of said article “ Fifth ” are held mandatory in nature and not permissive, that the court determine and adjudicate the right of the trustees to invest in preferred, guaranteed and common stocks, without being bound by the limitations imposed on savings banks by the terms of paragraphs (f), (h), (i) [relettered as (g), (h), (i), (j), by L. 1955, chs. 610, 828] of subdivision 26 of section 235 of the Banking Law of the State of New York, and to further determine what, if any, limitation there is on the proportion which the value of the said invested stock may bear to the value of the entire trust fund, and for such other and further relief as the court may deem just and proper.
Article ‘ ‘ Fifth ’ ’ of the trust agreement is addressed to the trustees’ investment powers in the following language: “The *185 Trustees shall have full power and authority, in their discretion, to hold and retain any of the trust property, coming into their hands hereunder, in the same form of investment as that in which it may be at the time of the death of the party of the first part, although it may not be of the character of investments now permitted by law to trustees. They shall also have full power and authority, in their discretion, to sell the whole or any part of said trust property and to invest and reinvest the proceeds in such investments as, at the time of such investment, are permitted for savings banks in the States of New Jersey, Pennsylvania, Connecticut or New York. ’ ’
Although the place of execution of the trust agreement does not appear either from the agreement or from the petition, it is clear from the recitals in both documents that at the time of said execution the settlor was a resident of the State of New Jersey. The petitioner, however, is a New York corporation having its principal office at 22 William Street, in the city, county and State of New York; and it appears from the petition that petitioner was duly appointed associate trustee under the trust agreement on September 20, 1918, shortly after the creation of the trust, and has since that time been acting successively as associate trustee, cotrustee and sole trustee under the agreement. Petitioner has had custody of the trust assets at its principal place of business in the city, county and State of New York continuously since September, 1918.
Article “ Eleventh ” of the trust agreement provides that the trust shall be deemed a New Jersey trust and shall in all respects be governed by the laws of the State of New Jersey. However, the trust res being here, this being the place of administration of the trust and jurisdiction having been acquired of the persons interested in the proceeding, there is no question that the court has the power to entertain the petition for construction of the trust agreement and to construe the provisions in question according to such laws as may be applicable (Farmers’ Loan & Trust Co. v. Ferris, 67 App. Div. 1; Matter of Turner, 195 Misc. 331; Matter of Sherman, 71 N. Y. S. 2d 492).
The preliminary issue to be determined is whether this court should construe the provision of the trust agreement as to reinvestment of the trust funds according to the laws of New York or according to the laws of New Jersey. In view of the provisions of article 11 Eleventh ’ ’ of the trust agreement that it shall be deemed a New Jersey trust and governed by the laws thereof, together with the fact that the settlor resided in New Jersey at the time of the creation of the trust, there is no doubt that all questions with respect to the creation and validity of the *186 trust should he resolved by this court in accordance with the laws of New Jersey.
Although petitioner herein seeks a construction of portions of the trust instrument, the relief sought is in the nature of a request for instructions from the court as to the character of investments permitted to be made by the trustee. The construction sought, therefore, is one of administration of the trust, rather than one as to its validity.
Petitioner argues that consideration of the language used in article “ Fifth ”, in the light of permissive and mandatory language used elsewhere in the agreement, leads to the conclusion that the words were intended to be permissive only. It should be noted, however, that in the first sentence of article “ Fifth ”, dealing with retention of investments, the settlor expressly granted discretionary power to retain nonlegals, with specific reference and exception to the then existing law as to investments by trustees. In the second sentence, the settlor granted discretionary power to sell the whole or any part of the corpus and to invest and reinvest the proceeds, not in accordance with the laws as to investments by trustees, but rather in accordance with the laws for investments by savings banks in the named States. Consequently, it must be assumed that in defining the investment powers of the trustee, as of the time of investment or reinvestment of proceeds of any sale of the corpus, the settlor consciously elected to have such powers regulated by the laws regulating investments by savings banks rather than those governing investments by trustees.
While there are many New York cases which support the construction sought by petitioner, to the effect that the provision in article “ Fifth ” is merely permissive, no New Jersey authority has been found to support the construction sought. To the contrary, in regard to interpretation of language, in the case of Hutton v. Hutton (41 N. J. Eq. 267), the court held that words “ authorize and empower ” were mandatory. The case was cited with approval in a later decision holding that the word ‘ ‘ authorized ” in a provision for contingent disposition by a fiduciary constituted a mandatory direction (Schumacher v. Howard Sav. Inst., 128 N. J. Eq. 56, affd. 131 N. J. Eq. 211).
Proceeding to a consideration of the alternative relief sought by petitioner, it is clear that a trust of a New Jersey resident providing for investment of securities by a New York trustee under provisions of NeAV York statutes will be governed by the New York statutes as construed by the courts of New York with respect to investments made by the trustee and administration of the trust estate (Bankers Trust Co. v. Bacot, 6 N. J. 426).
*187 Consequently, in determining the applicability of the subdivisions of which petitioner seeks to be relieved, the New York decisions are controlling.
Paragraphs (a), (b), (c) of subdivision 26 of section 235 of the Banking Law authorize savings banks to invest in preferred, guaranteed and common stocks under prescribed conditions as to earning records, dividends, listings, etc. Obviously, these provisions can have no practical application to investments by a bank or trust company in its capacity as trustee of an express trust.
Comparable restrictions upon investments by savings banks imposed in subdivision 7 of section 235 of the Banking Law have been held to be wholly inapplicable to fiduciaries (Matter of Wade, 270 App. Div. 712, affd. 296 N. Y. 244).
The inapplicability of the provisions in question to investment by trustees expressly authorized to invest in such securities as are allowed for savings banks has been recognized in Matter of Daly (203 Misc. 851) and in Matter of Wilson (127 N. Y. S. 2d 876).
It is concluded, therefore, that the trustees ’ power to invest in such investments as are permitted for savings banks in New York, pursuant to article “ Fifth ” of the trust agreement herein, should be governed solely by the provisions of section 235 of the Banking Law; that on the authority of Matter of Wade (supra), the provisions of paragraphs (f), (h), (i) [now pars, (g), (h), (i), (j)], of subdivision 26 of said section, should be deemed inapplicable and of no effect as to any investments made by the trustee under said subdivision; and that since said subdivision 26 contains no effective quantitative limitation, the trustee should be permitted to invest in the securities prescribed in paragraphs (a), (b) and (c) in said subdivision, without a fixed limitation upon the proportionate amount thereof.