John D. Bennett, S.
The respondents’ motion in this discovery proceeding requests inter alia a dismissal of that portion of the petition which seeks to discover the proceeds from the sale of real property upon the ground that in a discovery proceeding this court lacks jurisdiction to determine title to real property.
Petitioner, on the other hand, takes the position that she does not seek to disturb the conveyance made by the decedent during his life to respondents, but asserts that her only interest is to recover the consideration which she says was allegedly paid in the amount of $5,500. This fact, the petitioner maintains, is a necessary conclusion since Internal Revenue stamps in the amount of $5.50 were attached to the recorded deed of conveyance. It is the respondents’ position as stated in their answer and affidavits that the conveyance by the decedent was made to them without any li cash consideration ”.
Title to realty is not a matter for determination in a discovery proceeding (Matter of Kollhopp, 142 N. Y. S. 2d 244). It is equally well settled that a discovery proceeding may not be brought merely for the collection of debts or enforcement of contract rights (Matter of Trevor, 309 N. Y. 389).
*76 1‘ The line of demarkation between the instances in which the court has jurisdiction and those in which it has not, is wholly unmistakable. If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely in personam, it does not.” (Matter of Lusher, 159 Misc. 387, 389.)
Olearly the claim, here is an attempt to enforce a contractual right in personam against respondents. Accordingly that portion of the petition which seeks to recover the proceeds of the sale of real property is dismissed.
As to the shares of stock which are sought to be discovered, the answer filed by the respondent, Vincent Pucci, affirmatively asserts title. Consequently the inquisitorial portion of this proceeding is terminated and the issues framed by the pleadings will proceed to trial before this court (Matter of Kuster, 12 Misc 2d 239; Matter of Croker, 109 N. Y. S. 2d 137). That portion of the motion which seeks to terminate any further inquiry pursuant to section 206 of the Surrogate’s Court Act is, therefore, granted (Matter of Mangene, 258 App. Div. 814). This does not mean, however, that examinations may not be obtained under appropriate statutory provisions as is generally true in all other, actions (see, e.g., Matter of Pender, 197 Misc. 344).
The balance of the relief sought by the respondents in this motion is denied.
Settle order on five days’ notice.