Joseph A. Cox, S.
In this application brought pursuant to section 206-a of the Surrogate’s Court Act, the petitioner as an alleged surviving partner of the deceased, seeks the turnover of partnership assets stated to have been received by the decedent. Respondent’s motion to dismiss the proceeding must he granted. The jurisdiction conferred by the discovery sections of the Surrogate’s Court Act has been recently discussed in Matter of Trevor (309 N. Y. 389). As there pointed out, this court has no jurisdiction in such proceedings over actions at law for the recovery of common debts or to enforce ordinary con-
*538 tract obligations. Such actions in personam must still be brought in the common-law forums.
In Matter of Kalik (178 Misc. 607, 610) speaking of partnership obligations Surrogate Foley stated: “The appropriate forum for such an accounting proceeding is a court of general jurisdiction where the rights of the partnership creditors and of the partners as between themselves may be enforced separately from the administration of the personal estate of one of the partners.” He there agreed with the court’s conclusion in Matter of Lichtblau (146 Misc. 278, 281-282) where it was held: “A partnership accounting is an independent proceeding and is not incidental to the determination of the rights of the parties in the present proceeding. Its purpose is to determine the extent of the indebtedness of the accountant to the estate. There is no jurisdiction in this court to direct such an accounting or to determine such an indebtedness either in an independent proceeding or one for discovery. ’ ’
(To the same effect see Matter of Thomas, 235 App. Div. 450; Matter of Katz, 63 N. Y. S. 2d 298; Matter of Palega, 208 Misc. 966 and Matter of Kirchenbaum, 195 Misc. 636.)
Submit decree on notice dismissing the petition herein.