Marcus 0. Christ, J.
This is a proceeding brought pursuant to article 79 of the Civil Practice Act. The relief sought is the judicial settlement of the final account of Harold B. Mixsell, deceased, as trustee under an inter vivos trust created by him for the benefit of his daughter, Mary Mixsell Norwood (now Mary M. Snethen) and a construction of the declaration of trust with directions to the executors of the deceased trustee concerning the disposition of the corpus and certain income of such trust.
The trust was created by a declaration of trust dated June 28, 1935. That instrument was executed in Connecticut and contains a specific provision that the trust is a Connecticut trust to be governed by the laws of the State of Connecticut. At the time of execution of the declaration of trust, the settlor and the beneficiary, his daughter, both resided in Connecticut. Approximately a year later the settlor and his wife, the petitioner herein, moved to New York and continuously resided in the State of New York until the settlor’s death on February 14, 1958. After the creation of the trust, the beneficiary remarried and is now *643 known as Mary M. fine then and she resides in Dewittville, New York.
Harold R. Mixsell, settlor and trustee of this trust, died a resident of the State of New York. The corpus of the trust is physically situated in New York and for many years up to the death of the trustee, the trust was administered in New York by the trustee. The life tenant and the remainderman of the trust are residents of New York. All parties having an interest in this matter are New York residents and this court has acquired jurisdiction of them either by their having been served or by virtue of their having appeared and consented to the court’s taking jurisdiction in this proceeding. Although the declaration of trust was executed in Connecticut and is expressly stated to be a Connecticut trust governed by Connecticut law, this court has jurisdiction to entertain this proceeding and to construe the provisions of the declaration of trust according to the applicable law which the court finds to be the law of the State of Connecticut (Farmer’s Loan & Trust Co. v. Ferris, 67 App. Div. 1; Matter of Turner, 195 Misc. 331; Matter of Dodge, 9 Misc 2d 183; Shannon v. Irving Trust Co., 275 N. Y. 95).
The original corpus of the trust consisted of 150 shares of the capital stock of Riegel Paper Corporation having a par value of $50 per share. On September 5,1939 the settlor added to the corpus of the trust 50 shares of Alpha Portland Cement Company stock without par value.
The 150 shares of Riegel Paper Corporation stock were. exchanged on December 29, 1939 for 750 shares having a par value of $10 each. On November 23, 1951 the trustee received in exchange for such 750 shares of stock, 1,500 shares with a par value of $5 each. These two exchanges in 1939 and 1951 were stock splits after which the number of shares was increased
10 for 1 but the par value was reduced from $50 per share to $5 per share. No construction question is presented in connection with these stock distributions.
However, on April 25,1955 the trustee received 2,250 shares of Riegel Paper Corporation of $10 par value in exchange for the 1,500 shares of $5 par value. This exchange increased from $7,500 to $22,500 the par value of the stock of Riegel Paper Corporation held in the trust. The court is of the opinion that the corporate action taken by Riegel Paper Corporation in 1955, authorizing the additional stock, increased the capital to three times its former amount and that two thirds of the 2,250 shares of $10 par value stock were issued in consideration of the transfer of surplus to the capital account of the corporation.
*644 On April 26, 1955 the trustee received in exchange for 50 shares of the capital stock of Alpha Portland Cement Company without par value, 150 shares having a par value of $10 each. The 1955 annual report of the corporation explains this exchange of stock by stating that on April 21, 1955 the stockholders approved an amendment to the certificate of incorporation changing the total authorized capital stock of the corporation from 880,356 shares of common stock without par value to a total authorized capital stock of $30,000,000 represented by 3,000,000 shares of common stock with a par value of $10 per share, and changing each share of common stock without par value into 3 shares of common stock of the par value of $10 per share. To provide for the resulting increase in capital, $2,365,424 was transferred to the capital stock account from capital (paid-in) surplus. This was equal to 13%% of the total par value of the new stock.
In the court’s opinion, under the decisions of the courts of the State of Connecticut, 1,500 shares of the new $10 par value stock of Riegel Paper Corporation and 20 shares of the 150 shares of $10 par value stock of Alpha Portland Cement Company issued to the trustee represented stock dividends (Terry v. Eagle Loch Co., 47 Conn. 141; Green v. Bissell, 79 Conn. 547; Harding v. Staples, 111 Conn. 325).
The declaration of trust contains the following provision: ‘ ‘ In every case of extraordinary cash or stock dividend, any such dividend is to be distributable wholly as income regardless of the fact that the so doing may result in an encroachment on the principal of the trust ’ ’. The inclusion of such a provision in the instrument creating the trust was specifically permitted by statutory provision in effect at the time this declaration of trust was executed (Conn. Gen. Stats. [1930 Rev.], § 4966).
It is the court’s conclusion, therefore, that under the applicable statute of the State of Connecticut and the language of the declaration of trust, 1,500 shares of the new $10 par value stock of Riegel Paper Corporation and 20 shares of the $10 par value stock of Alpha Portland Cement Company issued to the trustee should have been allocated to the income beneficiary of the trust.
The petition to settle the final account of the deceased trustee as filed is granted, no objection thereto having been filed.
Settle order on notice providing for judicial settlement of the final account, for transfer of the shares of stock to the income beneficiary and the remainderman, and for payment of dividends received since February 14,1958, all as set forth in the petition’s prayer for relief.