Edward S. Silver, J.
These are two motions, one by the respondents in a discovery proceeding to dismiss the examination and for a protective order, and the other by petitioners, the executors herein, to punish respondents for contempt in failing to appear before a Referee appointed to supervise said examination.
The petitioners instituted the discovery proceeding under section 205 of the Surrogate’s Court Act to compel decedent’s husband, Irving Lif schutz, and his daughter of a prior marriage, Florence Lang, to deliver to them certain moneys and personal property allegedly belonging to decedent. No answer was interposed by respondents and on the return date, they appeared for examination, respondent husband being first sworn. The testimony of the witness was not completed due to the contentious nature of the hearing, and upon application, a Referee was appointed to supervise it. The Referee scheduled the resumption of the examination for April 26, 1967. Prior to that date, respondents served petitioners’ attorneys with the motion now under consideration and when respondents failed to appear for examination on the stated date, the petitioners moved to punish them for contempt.
In opposition to the motion to dismiss, petitioners argue that by failing to answer, and by submitting to examination, respondents have waived all questions of jurisdiction and all defenses to the proceeding. This contention is not tenable in view of the well-established principle that an objection to the jurisdiction of the court over the subject matter of the proceeding cannot be waived, as jurisdiction in such case may not be acquired by consent or general appearance (Matter of Esser, 38 Misc 2d 963; Matter of Turner, 195 Misc. 331; CPLR 3211). Although it is true that respondents might have filed an answer to the petition containing the defenses raised on this motion, and have further mistitled their motion as being for a dismissal of the *291 examination and a protective order, it is apparent to the court that in substance respondents are seeking to challenge the propriety of discovery of the items contained in the petition, upon the enumerated ground of CPLB, 3211 (subd. [a], par. 2) that the court lacks jurisdiction over the subject matter thereof. Viewed in this light, and to avoid ,the circuity that would result in requiring the respondents to first file an answer, the court will treat the moving papers as an application pursuant to CPLB 3211 (subd. [a], par. 2). (Matter of Kiamie, N. Y. L. J., April 12,1943, p. 1427, col. 1; 4 Jessup-Bedfield, Surrogates Law and Practice, § 3077, p. 134), and will consider the jurisdictional questions raised therein. On such a motion the court must accept as true 'the allegations of fact stated in the pleadings (Locke v. Pembroke, 280 N. Y. 430), and every intendment and fair inference is in favor of the pleader (Matter of Hearn, 158 Misc. 370, 372).
Decedent owned a parcel of real property located in Fort Edward, New York. On or about August 22, 1964, she sold the realty to third parties by installment contract under which, after an initial down payment, the balance was to be paid her monthly. On January 27,1965, decedent conveyed the property to respondent Lifsdhutz subject to said contract, and the monthly payments were thereafter made to Mm until February, 1966, when he transferred the property to respondent Lang. It is alleged that the decedent’s conveyance to her husband was to enable him to receive the payments due under the contract for the support of decedent and her household “ upon the express promise and agreement of respondent * # * that he would do so.” Contrary to this agreement, the respondents allegedly converted the monthly payments received to their own use and did not apply them to decedent’s support. The executors contend that such moneys belonged to decedent and should be paid to them in tMs discovery proceeding.
Jurisdiction of the subject matter in discovery pursuant to section 205 of the Surrogate’s Court Act turns on the character of the claimed asset. In the words of the Court of Appeals in Matter of Trevor (309 N. Y. 389, 392): “ The purpose of such a proceeding in the Surrogate’s Court is to obtain the possession of specific personal property or money wMch belongs to the estate ’ ’. Specific personalty is contrasted with chose,s in action such as claims based upon debts or contracts to which jurisdiction does not extend (Matter of Pucci, 14 Misc 2d 75). “ If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was *292 based merely -on a general claim against him, purely in personam, it does not ” (Matter of Lusher, 159 Misc. 387, 389).
The petition- under consideration specifically alleges that the conveyance was made to decedent’s husband upon the express promise and agreement that he would use the monthly payments for her support and maintenance. The respondent’s obligation is based upon a general contractual claim of support against-him and not upon the possession of a specific asset. Discovery is thus being sought to enforce a contractual right, and is not a proper subject for inquiry under section 205 of the Surrogate’s Court Act. The petitioners’ position that information is merely being sought as to the whereabouts of those funds is hardly well-founded in view of the fact that jurisdiction does not lie to compel the delivery of such assets. Furthermore, a discovery proceeding may not proceed merely for the purpose -of obtaining information or evidence for use in some other action (Matter of Katz, 63 N. Y. S. 2d 298). The motion to dismiss this item of the petition is, therefore, granted.
The petition next alleges that after her marriage to respondent Lifschutz, decedent changed her individual account in the Williamsburgh Saving's Bank into a joint account in the names of decedent and her husband, 'and that thereafter the entire balance was withdrawn by him without decedent’s knowledge or consent. Other accounts in the joint names of decedent 'and her husband were also opened with funds exclusively owned by decedent, from which it is alleged moneys were also withdrawn by respondent-over a period of time for his own use. Petitioners state that these joint accounts were opened for convenience only, and that the moneys therein were wrongfully appropriated by respondent Lifschutz, some of which were transferred to the other respondent, and as such are assets of the estate for which discovery is available. In this contention, they are correct, and the motion to dismiss the petition with respect to these assets is denied. When a joint tenancy is created, each joint tenant has the right as a joint owner of the bank account to withdraw a moiety or less for his -own use and thus destroy the- joint tenancy as to such withdrawals (Matter of Bricker [Krimer] v. Krimer, 13 N Y 2d 22, 27). One who withdraws more than hiis moiety is liable to the -other for the excess ov-er his one-half share (Matter of Kramer, N. Y. L. J., July 7, 1967, p. 9, col. 4). Here, the allegation is that all of the moneys in the joint accounts were owned by decedent, and respondent was thus without authority to withdraw 'such funds without her consent. It necessarily follows that the -executors are entitled to inquire *293 into the whereabouts of such funds (Matter of Libow, 46 Misc 2d 919). The fact that the moneys were withdrawn during decedent’s lifetime will not bar the proceeding, as section 205 specifically extends to a person who obtains possession or control of the funds “ in the lifetime of a decedent ”. Furthermore, the statement in the petition that these joint savings accounts were opened “ for convenience only ” without any further factual substantiation sufficiently meets the standard of CPLR 3014 that a pleading contain 1 ‘ plain and concise statements. ’ ’
Discovery is also sought in respect of rents derived from an income-producing apartment house owned by decedent. From and after June, 1957, respondent Lifschutz collected these rentals, paid some of the building’s expenses and allegedly retained the remaining funds for his sole use. Asserting that he never accounted to decedent or anyone acting for her with respect to his use of these moneys and never paid them over to decedent, petitioners believe those funds to be wrongfully in respondent Lifschutz’ possession and as assets of the estate, discoverable under section 205. It is clear from the petition, however, that no specific property of the decedent is being withheld, but rather petitioners are seeking to enforce the payment of am undetermined sum of money. This is particularly so in view of the allegation that some of the rents were used by respondent to pay the expenses of maintenance of the building. It appears to the court that these rentals should be the subject of am accounting proceeding, and since discovery does not lie for such purpose, the motion to dismiss this portion of the petition must be granted (Matter of Sachs, 15 Misc 2d 537; Matter of Kirchenbaum, 195 Misc. 636). If there is money due from respondent to the decedent by reason of a failure to properly apply such rentals, resort should be had to a forum in which the matter may be properly tried and where any counterclaims as respondent Lifschutz has may be heard (Matter of Lowen, 95 Misc. 421, 425, affd. 175 App. Div. 895).
The motion to dismiss for insufficiency the requested discovery of 11 jewelry * * * furniture, decorative objects, personal effects and other articles ” of personalty located in the apartment occupied by decedent and respondent is denied. In view of the allegation that respondent Lifschutz had exclusive possession of the apartment prior to and immediately after decedent’s death, it is apparent that without the requested examination petitioners cam have no way of eliciting information as to the whereabouts of these stated objects. Broad latitude is permitted in the inquisitorial stage of a discovery proceeding to aid fiduciaries, and to this end, section 205 is to be liberally construed *294 (Matter of Huntoon, N. Y. L. J., Nov. 10, 1966, p. 20, col. 5).
The petitioners’ motion to punish respondents for contempt is disposed of by directing them to appear for examination before the Referee as .to the items this court has deemed proper subjects of inquiry on a date to be fixed in the order to be entered hereon.