Edward S. Silver, J.
The administratrix and persons not interested in this estate were cited to show cause why the petitioner as trustee ‘1 should not be adjudged the owner and entitled to the possession or right of possession ”:
1. To a certain checking account in the names of the decedent and the petitioner individually;
2. To the rents, proceeds and profits received or to be received from a certain parcel of real property ;
3. To the proceeds of a profit sharing plan;
4. To all interest in and proceeds of a retirement benefit plan;
5. To all interest and proceeds from certain life insurance policies; and
6. To all other property of which the decedent died possessed or was entitled to.
The citation further asks (1) a limitation on the duties of the administratrix to the turning over of the said property to the petitioner; (2) that the administratrix be compelled to perform the legal acts necessary ‘ ‘ to cloak petitioner with legal title to the trust property and (3) that the bank and insurance companies be compelled to turn over all the enumerated property to petitioner. Petitioner seeks a further adjudication that his claim to the property enumerated is superior to that of the administratrix and also that the claim of the petitioner to the proceeds of certain life insurance policies is superior to that of a named beneficiary thereof, a person who is a stranger to this estate.
Decedent died on February 25,1967. Two days prior thereto, on February 23, 1967, she purportedly executed an instrument which recited that decedent “has assigned and transferred.to the Trustees all of her property, real, personal and mixed, including but not limited to the property described in the schedule attached ’ ’. The trustee was to. have distributed all or so much of the income and such additional sums from principal to the decedent as he “in his sole discretion” should consider nec *1040 essary for the 'benefit and general welfare of the decedent. Upon decedent’s death the trustee was directed to pay all decedent’s debts. The remaining income and principal was to be paid or applied by the trustee, “ in his sole and uncontrolled discretion as he deems proper ’ ’ for charitable, religious and educational purposes, either for individual or institutional needs. However, 25% of the market value of certain real property or 25% of the proceeds thereof is to be distributed to decedent’s sister. Extensive powers are given the trustee and he “ shall not be required to make any reports to any court at any time for any purpose.” “ Any power, right, and discretion granted to the Trustee may be exercised by him without posting any bond, and without obtaining any order from or the approval of any court, and without any notice to or consent of anyone. ’ ’
The instrument concludes: “ in witness whereof, the Grantor and the Trustee have signed, sealed and acknowledged this trust agreement.” There appears to be no acknowledgment of the instrument by the trustee. The grantor does not appear to have acknowledged the instrument except that this does appear on the paper: ‘ ‘ The Grantor is fully aware of the contents of the foregoing instrument and has signed and sealed this trust agreement on the date first above written, in the presence of each of the below named attesting witnesses who became witnesses at her request and in her presence and in the presence of each other, and subscribed their names hereto as attesting witnesses at the time aforesaid, this attestation clause being first read aloud by one of us to the others in the presence of the grantor and we hereby certify that the matters herein stated took place in fact and in the order named.” This is signed by three persons, none of whom is said to be an officer authorized to take 'acknowledgments.
With the exception of the allegedly assigned Social Security Benefits, all of the property set forth in the schedule annexed to the alleged trust agreement is the subject matter of this proceeding. None of the said property appears to have been ‘ ‘ assigned and transferred ’ ’ although this is the express language of the agreement, and in fact none of the property appears to have come into the hands of the trustee. Outside of the trustee’s purported acceptance of the terms and conditions of the agreement, he does not appear to have acted as trustee in any manner during the lifetime of the decedent.
Petitioner, in addition to asking for an order directing the administratrix to turn over property and to execute instruments perfecting petitioner’s title, seeks similar relief against persons and corporations not interested in this estate, and in addition *1041 thereto prays for a declaratory judgment respecting all property of the decedent not mentioned in the petition as well as the property therein specifically described. Petitioner does not cite any authority to the effect that this court has jurisdiction to render a declaratory judgment with respect to all of decedent’s property, and no authority to the effect that this court may determine that petitioner’s rights are superior to the rights of persons who have no interest in this estate. No case is cited tending to show that this court has jurisdiction to compel the beneficiary of an insurance contract, a bank or an insurance company, who are strangers to the estate, to turn over property to another stranger to the estate.
Respondents challenge the jurisdiction of this court to adjudicate the issues raised by them inasmuch as they assert that the inter vivos trust under which the petitioner claims is void. It is contended that this court does not have jurisdiction to determine any issue relating to an inter vivos trust. (SCPA 209, subd. 4.) The ownership of the alleged assets in the hands of the administratrix which petitioner claims are his because of the instrument under which he claims is an issue within the jurisdiction of this court, whether the instrument under which he claims be called an inter vivos trust, a deed, an assignment or any-other name.
Did the paper dispose of decedent’s title to the property, is the issue. That issue is within the jurisdiction of Surrogate’s Court. In the determination of that issue the Surrogate’s Court would not interject itself into any matter affecting the administration of an inter vivos trust, or into any matter between the trustee of an inter vivos trust and any beneficiary thereof. Jurisdiction over inter vivos trusts, qua inter vivos trusts, is reserved to the Supreme Court. There is nothing in subdivision 4 of section 209 of the SCPA which would deny the trustees of inter vivos trusts access to forums other than the Supreme Court for the assertion of their rights, and likewise there is no indication in that enactment of an intention to permit those against whom the trustee asserts those rights to defend by merely challenging the validity of the trust. The issue is the ownership of property, not the validity of the trust as such. That issue, as to property belonging to the decedent in the hands of the administratrix, is within the jurisdiction of the Surrogate’s Court.
Decedent’s interest in insurance policies, and other property which is not in the hands of the administratrix, and in which the administratrix claims no interest, however, is not property over which the Surrogate’s Court is vested -with jurisdiction. The “ genesis of the obligation of” the administratrix, if any, is *1042 ‘ ‘ predicated on the possession of an asset. ’ ’ (Matter of Lifschutz, 54 Misc 2d 289, 291; Matter of Lusher, 159 Misc. 387, 389; Matter of Hall, 54 Misc 2d 923.) Here petitioner also seeks the delivery of property not in the possession of the administratrix but in the possession of a bank, insurance companies and a person not interested in this estate. As to these items the Surrogate’s Court does not have jurisdiction.
The central issue raised in the answer to the petition is the validity of the trust agreement and the transfer of property covered thereon. This issue is involved as to the property within the jurisdiction of this court and to property not within the jurisdiction of this court. All questions raised are within the jurisdiction of a court of general jurisdiction which can make a definite determination in one plenary action. Separate trials in the Surrogate’s Court and in the Supreme 'Court when there is an issue common to all the other issues would be an unwarranted exercise of discretion. (Matter of Kessler, 28 A D 2d 962.) In the interests of judicial economy, this proceeding is dismissed, without prejudice to such other action or proceeding of which the petitioner may be advised.