# In the Matter of the Estate of George H. Theiss, Deceased.

Surrogate's Court, New York County, November 6, 1936.

*L. Stewart Gatter*, for Henry Wyman.

*Cravath, deGersdorff, Swaine & Wood* [*Joseph Day Lee* of counsel], for the ancillary executors.

*Remsen B. Ostrander*, for the stockbrokers.

DELEHANTY, S. Pursuant to section 206-a of the Surrogate's Court Act a proceeding was initiated by one Wyman wherein he sought to compel the representatives of deceased to relinquish their control of certain named securities in the possession of a firm of stockbrokers. The stock house was cited on that proceeding.

On the return of the citation the representatives of deceased filed an answer and a cross-petition. They asked that the original petition be dismissed and that the stock house be directed to deliver to the estate " the securities formerly belonging to the decedent, now in their possession." The answer and cross-petition further asked for a direction that the stock house account to the estate " for the losses suffered by decedent through their acts." The answer alleged that a member of the stock firm, under the purported authority of a power of attorney issued to him by deceased, had caused to be routed through the account of deceased transactions which deceased if living could repudiate and which in substance they repudiate in behalf of deceased's estate.

Through an attorney the stock house undertook to appear specially in the proceeding for the purpose of moving to dismiss the cross-petition of the estate representatives on the ground that this court is without jurisdiction to hear and determine the claim set up in the answer and cross-petition. There is appended to the notice of motion a petition by one of the members of the stock firm setting forth its version of the transactions and dealing with the merits of the claim. The motion to dismiss raises an issue which has to be decided on the pleadings and the allegations in the cross-petition must be deemed established for the purpose of determining whether or not the court has jurisdiction.

Preliminarily it should be said that the stock house is a party to this proceeding wholly apart from its so-called special appearance. In the initial steps of this proceeding it signed an acknowledgment of service of the original citation. Since the original petition alleged that the stock house is in possession of the securities which are the subject-matter of the proceeding the stock house was a necessary party and the service of the citation upon the stock house brought them into this court for all purposes. Their challenge is not to the original petition nor to the citation issued thereon but only to the cross-petition and the relief there demanded. Notwithstanding the fact that they are generally before the court and that their attempt at a special appearance is futile, the issue of law raised by their motion must be determined.

The property here involved is tangible personal property, *i. e.*, securities in the hands of the stock house. That controversies affecting the ownership of and claims against such property are within the jurisdiction of this court is beyond dispute. (Surr. Ct. Act, §§ 206, 206-a.) The pending proceeding is expressly authorized by section 206-a of the Surrogate's Court Act. Here the estate representatives are asserted by the original petitioner to have control of tangible personal property owned by petitioner.

He caused a citation to be issued to and served upon the estate representatives and upon " all persons interested in the estate and in the specific property, whose rights or interests would be affected by the decree," *i. e.*, the stock house. The terms of section 206-a of the Surrogate's Court Act direct the surrogate to " hear the proofs of the parties, determine the issues, adjudicate the respective interests of the parties in such property or the proceeds or value thereof, and make a decree directing delivery or payment as justice requires."

The quoted text contains a broad grant of power respecting tangible personal property in which an estate under administration claims to have an interest. If the original petitioner, the stock house, and the estate were respectively claiming complete title to this tangible property there could be no doubt of the court's jurisdiction. If the question were presented whether the claim of lien of the stock house was wholly without support and that no lien in fact existed there could be no doubt that the court had jurisdiction. In such a situation this court would clearly be adjudicating " the respective interests of the parties in such property."

The question here presented is whether in adjudicating the extent of a lien upon tangible personal property the court has jurisdiction to take and state the account between the stock house and deceased. The stock house claims a lien against the tangible property which is the subject of the proceeding. This claim of lien is based upon the alleged indebtedness of deceased to the stock house. The validity of that claim of lien and the extent to which the claim may validly be advanced by the stock house is directly involved in the issues here. Since the court has jurisdiction of the general subject-matter the fact that the taking and stating of an account is incidentally involved does not in any wise bar jurisdiction. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67.) The cited case held that the surrogate had the power to take and state an account of a copartnership when such accounting was necessary to complete a proceeding in the Surrogate's Court. The case is directly in point here and sustains the jurisdiction of the court.

It is urged in support of the motion for a dismissal of the cross-petition that the estate representatives seek to prosecute in this court an action for damages for fraud. If that were the fair intendment of the cross-petition the motion to dismiss should be granted. The cross-petition does ask that the stock house account to the estate for losses suffered by decedent through its acts but the substance of the cross-petition is the allegation that the cross-petitioners are entitled as against the stock house to delivery of the securities. The reference to the losses is nothing more than a prayer

that in determining the interests of the respective parties in the securities the court deny credit to the stock house for losses charged to the deceased's account because of transactions which the estate representatives repudiate. The issue as formulated by the cross-petition is an issue of the right of possession of tangible personal property coupled with an issue as to the exact amount of the lien on such property. In determining the latter issue the court has power to state the account between the stock house and deceased and to determine whether by reason of all transactions routed through deceased's account there is any debit balance against the securities and, if so, the amount thereof. (*Matter of Raymond* v. *Davis, supra.*)

For the reasons stated the motion to dismiss the cross-petition is denied. Submit, on notice, order accordingly.