## In the Matter of the Estate of JAMES P. KNIGHT, Deceased.

Surrogate's Court, New York County, March 9, 1937.

*John B. Doyle*, for John L. Knight, respondent.

*Brennan, Flamman & Simpson*, for Lillian K. Kress, individually and as executrix, etc., of Emma C. Knight, deceased.

*Lind, Shlivik, Marks & Brin*, for Raymond Brown, as executor, etc., of Isaac J. Brown, deceased, claimant.

*Seymour Sals*, for Adrian L. Lea, Marguerite M. Lea and Ruth E. Lea McKowne.

*Larkin, Rathbone & Perry*, for Central Hanover Bank and Trust Company, as assignee, respondent.

*Phillips & Avery*, for the petitioner, substituted trustee.

FOLEY, S. This is a motion by the Central Hanover Bank and Trust Company to dismiss as against it a proceeding brought by the Lawyers Trust Company for the judicial settlement of its account, as substituted trustee of certain trusts. The Central Hanover Bank and Trust Company was made a respondent in the accounting proceeding by supplemental citation served upon it. It asserts, upon this motion, that this court is without jurisdiction to determine the rights or claims arising out of a certain assignment of rents made to it by the substituted trustee and by two of the remaindermen of the trusts.

The testator died in 1917 owning premises 215–223 West Forty-ninth street, in the borough of Manhattan, New York city, which were subject to a mortgage in the sum of $165,000 (now reduced to the sum of $150,000) held by the respondent's predecessor.

By paragraph third of his will the testator created a trust of the capita stock owned by him in the Townsend Realty Company for his wife, Emma C. Knight, for life, and upon her death he bequeathed the stock to his daughter, Lillian K. Kress. By paragraph fifth of the will he created a trust of his residuary estate

for his wife, Emma C. Knight, for life, and upon her death he bequeathed, out of the corpus of the trust, certain pecuniary legacies to various individuals, and the rest, residue and remainder in equal shares, to his son, John L. Knight, and to his daughter, Lillian K. Kress.

The life tenant, Emma C. Knight, died on or about April 30, 1932. The trusts, however, have not yet been fully executed. The pecuniary legacies provided for in the remainder have not been paid and the final settlement of the estate has not been concluded. On August 1, 1932, because of certain defaults in the payment of rent by the lessee in possession of the above-mentioned property, there resulted defaults in the payment of the taxes upon the property. In order to prevent a threatened foreclosure of the mortgage, an assignment was made to the respondent, the mortgagee, by the Lawyers Trust Company, as substituted trustee, and by John L. Knight and Lillian K. Kress, of the rents of the premises and also as further collateral 250 shares of stock of the Townsend Realty Company. The terms of the assignment provide among other things, as follows:

" (a) When the time shall arrive when all defaults are cured under said Bond and Mortgage, the assignment herein to Central is to become null and void.

" (b) Said rents and any receipts by Central in connection with said Townsend Realty Company stock shall, from time to time, be applied by Central on account of any default under said bond and/or mortgage.

" (c) Any overplus arising from said rent and/or stock remaining in the hands of Central after the curing of all defaults under said bond and mortgage and said stock is to be remitted or returned by Central to Lawyers."

It is conceded that all interest payments on the mortgage and taxes due have been made to date, and that the mortgagee has now on hand, collected under the assignment of rents, the sum of $4,758.80. It also has on hand the 250 shares of stock of the realty company delivered to it under the assignment. The substituted trustee has demanded that the respondent turn over to it the assignment, the stock of the realty company and the overplus rents now in its possession. The demand, however, has been refused upon the claim that there is a present default in the payment of the principal. The principal of the mortgage became due December 22, 1935. On the other hand, it is contended that no default in the payment of principal is enforcible because of the Moratorium Laws (Civ. Prac. Act, § 1077-a *et seq.*). It is further urged that under the terms of the assignment it was not intended

to include a default in the payment of the principal of the mortgage as no part of it was due at the time of execution. It is also contended that the assignment is now null and void, and that the respondent is, therefore, withholding assets of the estate.

The Surrogate's Court has complete and ample jurisdiction in an accounting proceeding under its equity powers to determine the rights of the trustee and its assignee. ( Surr. Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Poth*, HENDERSON, S., 155 Misc. 116; affd., 246 App. Div. 522; *Matter of Burr*, 143 Misc. 877; *Matter of Theiss*, DELEHANTY, S., 161 Misc. 533; affd., 249 App. Div. 798.) When the Central Hanover Bank and Trust Company, as assignee, took the assignment from the trustee, it was charged with knowledge of the limitations on the powers of the trustee. At that time the assignment seemed desirable to all the parties concerned. Under its terms and by reason of the application of the rents to current charges, all the defaults had been cured. The assignee now holds the sum of approximately $4,700 which it cannot be permitted in equity to retain against the trustee. It likewise holds the stock of the Townsend Realty Company given to it by way of additional collateral security. This stock is an asset of the trust and must be returned to its legal owner, the trustee, for distribution to the specific legatee entitled to it under the will. The assignee is apparently attempting by obstructive tactics to compel an unjustified payment of principal in reduction of the mortgage and to retain possession of the property for that purpose. The technical default in the payment of principal which occurred on December 22, 1935, cannot, in the face of the statutes, be used as a basis for further retaining the property. Nor can it be employed as a ground of foreclosure under the present law. (*Trowbridge* v. *Malex Realty Corporation*, 198 App. Div. 656, affg. 111 Misc. 211.)

The cash now in the hands of the assignee will be required to be delivered to the trustee for the partial payment of the administration expenses and unpaid legacies. The balance due for these charges may be derived from the rents of the property to be collected hereafter by the trustee. When such charges are finally liquidated the property may be turned over to the ultimate remaindermen. While it would appear that the assignee might have the right to apply to another court for the application of surplus rents to the reduction of the mortgage (Civ. Prac. Act, § 1077-c), there does not seem to be any reason why that phase of the situation cannot also be disposed of in this court under the decisions above cited. In any event, the surrogate will attempt to make an adjustment between the parties so as to avoid

multiplicity of actions. For that purpose a conference of counsel will be called at a subsequent date.

Submit intermediate decree on notice directing the turning over to the trustee of the cash balance now in the hands of the assignee and the stock of the Townsend Realty Company. Such intermediate decree may contain an appropriate provision denying the motion to dismiss the proceeding as to the assignee.

The issues raised by the objections to the account have been referred to a referee. Order of reference accordingly signed. The surrogate will reserve to himself separate and apart from the reference all questions concerning the application of moneys paid by the assignee to the trustee and the application of future rents to be derived from the real property.