In the Matter of the Estate of HOWARD L. BICKFORD, Deceased. HERMAN P. GREENE, as Executor, etc., of HOWARD L. BICKFORD, Deceased, Appellant; MARY FAULDS, Respondent.

Third Department, December 29, 1942.

*Herman P. Greene* for appellant.

*John T. DeGraff, William F. Conway* and *Charles Ward Brown* for respondent.

Bliss, J. The decedent Howard L. Bickford was the agent for the Mutual Life Insurance Company of New York. In 1939 he began borrowing various sums of money from the respondent Mary Faulds until July 1, 1940, when he owed and gave her his promissory note for $9,000 payable seventy-five dollars per month. In the meantime and in May, 1940, he turned over to her a life insurance policy in the Mutual Life Insurance Company of New York on his own life for $5,000. It was then payable to his parents. Shortly thereafter he received it back from her, had the beneficiary changed to his own executors, administrators or assigns and redelivered it to the respondent, to whom he was by that time indebted for the full amount of the note. Since then the policy has been continuously and still is in her possession. Decedent also delivered to her a receipt dated December 26, 1940, showing payment of a premium on the policy. Bickford died on January 22, 1941. This proceeding was instituted against respondent to examine her with reference to the policy and stock certificate and to compel their return to his estate. Her answer admits possession of the instruments and alleges that they were delivered to her by Bickford as collateral security for payment of the moneys which he then owed to her. Upon the examination it was shown that the policy and note were in Miss Fauld's possession when Bickford died and that she had no written assignment of the former.

A pledge can be created by manual delivery of an instrument such as a life insurance policy to a pledgee by a pledgor (Restatement, Law of Security, § 5), and a writing is not necessary to create a pledge. (Restatement, Law of Security, § 39.) The basic requirement of a pledge is the possession of the property by the pledgee. The right of a pledgee rests on possession of the property. Here respondent had that possession and consequently is entitled to the inferences that may fairly be drawn therefrom.

Bickford and Miss Faulds had not been acquainted for a great length of time. He had a wife and four children residing in Vermont. As an insurance agent he was familiar with the significance of the delivery of the policy and the premium receipt to her as well as the change of beneficiaries from his parents to his estate. These facts all point to the conclusion that the policy was given to Miss Faulds by Bickford as security

for payment of his note as claimed by her and that this is the only inference that can fairly be drawn from the relations and transactions between these parties. The record contains no other explanation of the transaction and the only logical conclusion to be drawn is that she held the policy as security for the payment of his note.

A life insurance policy is a chose in action which, like any other right within this classification, may be transferred, even by parol (*Marcus* v. *St. Louis Mutual Life Insurance Co.*, 68 N. Y. 625; *Olmsted* v. *Keyes*, 85 N. Y. 593), and the depositing of a policy with one as collateral security gives him a good lien thereon although there is no formal or written assignment. (29 Amer. Juris. 412, Insurance, § 509.) There is nothing to indicate that the policy was delivered for safe keeping or any other similar purpose. Possession of a policy of life insurance is prima facie evidence that the holder is entitled to the proceeds. (6 Couch on Insurance 5231.) We must assume that Bickford as an insurance agent was well aware of these facts and that from his relation with Miss Faulds as a debtor and creditor and the possession of the policy and premium receipt, the natural inference would be that she was holding the policy as security for payment of his debt.

The decree should be affirmed with costs to the respondent payable out of the estate.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Decree affirmed with costs to the respondent payable out of the estate.