John D. Bennett, S.
The petitioner brings this discovery-proceeding to recover the proceeds of sale of an automobile previously in the possession of the respondent.
The facts are briefly that prior to the decedent’s death he and his wife entered into an agreement with the respondent which provided that the respondent would undertake the installment payments under a conditional bill of sale executed by decedent affecting the automobile which is the subject of this proceeding.
At the time of the agreement, possession of the car was turned over to respondent but ownership remained in the decedent. Under the terms of the agreement, any payments made by the respondent were repayable on demand, in no event later than July 1, 1959. The decedent further agreed to execute a will simultaneously with making the agreement passing the vehicle to the respondent. Paragraph Fourth of the decedent’s will contains such a bequest: 1‘ Fourth: I give, devise and bequeath to my friend, dr. william c. graf, residing at 438 West Stewart Avenue, Garden City, Nassau County, New York, my 1956 Packard Hardtop automobile, model 5647, serial and engine #5647-3036, having had 1956 New York registration 996 NYP.”
The agreement reflects the fact that in the event of the testator’s death, the balance remaining unpaid on the conditional bill of sale contract would be satisfied by an insurance policy on the life of the testator.
Approximately three weeks after the agreement was entered into the testator died, and sometime after his death the widow tendered to the respondent the sums of money which he had advanced under the agreement. However, the respondent refused to return the car, thereafter selling it for a price in excess of $2,000 and retaining the proceeds.
The transfer of the possession of the automobile to respondent for advances made by him constituted a pledge of personal property (Matter of Bickford, 265 App. Div. 266). The tender of repayment by the widow entitled her to the possession of the vehicle, and the respondent’s refusal and subsequent sale of the vehicle constituted conversion (Restatement, Security, § 37). The pledgee, having converted the vehicle by his improper retention and sale, the petitioner would be entitled to bring this discovery proceeding for the return of such article or its reasonable value, less any sums due and owing to the respondent (Smith v. Savin, 141 N. Y. 315).
The respondent argues that the Surrogate’s Court lacks jurisdiction to entertain this discovery proceeding because it involves rights arising out of a contract. With this argument the court *445 cannot agree. As stated in Matter of Patenotre (153 N. Y. S. 2d 374, 378-379): “ It has never been held, however, that jurisdiction that would otherwise clearly exist is lost whenever it appears that the respondent’s taking of the property was accompanied by his agreement to return it. Such a rule as that would mean that jurisdiction would exist only when the original taking’ of the property by the respondent was wrongful. No decision has ever attempted so to confine the scope of the statute. On the contrary an unbroken line of decisions makes it clear that the statute cannot be so restricted.
“ Matter of Kiamie’s Estate, 309 N. Y. 325, 130 N. E. 2d 745, was a discovery proceeding wherein the estate sought to recover the value of property improperly sold by a pledgee. It is true that no question of jurisdiction was discussed in the Court’s opinion, but obviously the Court of Appeals would not have remitted the matter for further proceedings in the Surrogate’s Court if this Court had no jurisdiction of the subject matter of the proceeding. * * * There, as here, the claim of the petitioner-fiduciary was based upon the decedent’s ownership of the property. Yet in that case it was not even suggested that the mere mention of a contract caused the Court to lose jurisdiction of the owner’s demand for its return.”
The matter is further complicated by the bequest of the vehicle in the decedent’s will. Whether a legacy to a creditor of the decedent is in satisfaction of a debt is a question of intention of the testator. The legacy will only be deemed in satisfaction of the debt where it is clear from the face of the will and the facts of the particular case that the testator so intended. It is the court’s finding that the bequest to the respondent was as a creditor in satisfaction of decedent’s debt (Matter of Latz, 95 N. Y. S. 2d 584; Matter of Baker, 89 N. Y. S. 2d 56; Matter of Jewuske, 85 N. Y. S. 2d 476; see, also, Ann. 47 A. L. R. 2d 1140).
Under such circumstances the creditor was entitled either to proceed to recover the debt or to accept the testamentary gift in complete extinguishment of any claim (Matter of Sharff, 143 Misc. 447; Matter of Cartledge, 118 Misc. 131, affd. 203 App. Div. 899, affd. 236 N. Y. 515; see, also, Ann. 86 A. L. R. 6). It is unquestionably true that here the respondent unequivocally elected to accept the legacy in full substitution and extinguishment of any other claims that might arise under the agreement.
The petition is granted to the extent that the respondent turn over to the estate the proceeds resulting from the sale of the car not less than the sum of $2,140, the amount stipulated to as the value of the vehicle at the time of sale.
*446 In the event that there are other assets of the estate sufficient to pay all funeral bills, administration expenses and creditors, that sum will eventually be distributed to the respondent. In the absence of such assets only the balance, if any, remaining after payment of the above items can be recovered by respondent.
Settle decree on five days’ notice.