Frank D. Paulo, S.
Mae C. Kienzle, who is named as executrix in a purported will dated June 29, 1964, has petitioned for its probate. Decedent’s brother, Edward Breen, has filed objections. The other eight distributees have appeared in the proceeding but have not filed objections. This proceeding is now pending.
Subsequent to the commencement of the probate proceeding, all nine distributees, as plaintiffs, commenced an action in the Supreme Court of Richmond County against Mae C. Kienzle, as an individual, and against New York City Employees’ Retirement System of the Board of Estimate of the City of New York. According to the complaint, the distributees seek, in that action, to set aside a designation dated January 10, 1956, whereby the decedent designated the said Mac C. Kienzle as the beneficiary of his interest in funds payable on his death by the retirement system.
The proponent, Mae C. Kienzle, has now moved this court for permission to transfer the Supreme Court action to this court.
During his lifetime the decedent apparently executed various beneficiary designations. According to the complaint in the Supreme Court action, on his original application he named his father. On January 18, 1929, he named his wife. On November 6, 1952, he named his estate. On January 10, 1956, he named Mae C. Kienzle. Apparently both his father and wife predeceased him.
It is the contention of the plaintiffs in the Supreme Court action that the retirement system funds are payable to decedent’s estate. It would seem obvious, then, that if the plaintiffs in the Supreme Court action are successful, the ultimate distribution of the retirement system funds will have to await the determination of the Surrogate’s Court in the pending will *376 contest and the administration of decedent’s estate. Unless and until a representative of decedent’s estate is appointed by the Surrogate’s Court and is made a party to the action in the Supreme Court, it is difficult to see how a final binding determination can be made. (See Decedent Estate Law, § 140.) The validity of the designation of beneficiary might have to be relitigated in an action brought, this time, by an administrator of the estate.
Subdivision 9 of section 40 of the Surrogate’s Court Act confers authority on the Surrogate to consent to receive for trial certain actions pending in the Supreme Court which may be appropriate to the administration of decedent’s estates. CPLR 325 (subd. [d]), formerly section 190-a of the Civil Practice Act, authorizes the Supreme Court to remove to the Surrogate’s Court actions affecting the administration of decedent’s estates upon the prior order of the Surrogate’s Court.
Subdivision a of section 19 of article VI of the Constitution of the State of New York (eff. Sept. 1, 1962) provides that the Supreme Court may transfer “ any action or proceeding * * * to any other court having jurisdiction of the subject matter ’ ’.
Section 33 of article VI of the Constitution of the State of New York provides that “Existing provisions of law not inconsistent with this article shall continue in force ”.
In the light of subdivision a of section 19 of article VI of the Constitution of the State of New York, there may be some question as to the necessity of the Surrogate’s consent viewed as a prerequisite to an order of the Supreme Court transferring the pending action in question to this court. (See 1 Weinstein-Korn-Miller, N. Y. Prac., par. 325.20 et seq.) However, since the action sought to be transferred is appropriate to the admin- • istration of decedent’s estate and since full and final justice to all parties may depend upon the completion of the administration of the estate, the application is granted.