Samuel J. Silverman, J.
In this discovery proceeding brought by the executor of the estate, respondent moved at the trial, at the close of petitioner-’s case, to dismiss the proceeding on the ground that this court lacked jurisdiction of the subject matter. The court reserved decision as to that motion and now disposes of it. The court denies the motion.
The essential ground of the motion was that as the proceeding seeks recovery of rents and profits of two pieces of real property claimed to be owned by decedent the ownership of which is disputed by respondent, the proceeding is not one to recover a specific chattel or goods or a specific fund and therefore discovery will not lie. Respondent relies on the decision of Judge *924 Sieves in the Surrogate’s Court, Kings County, in Matter of Lifschutz (54 Misc 2d 289 [1967]).
1. It is clear that, in general, a discovery proceeding will lie only where it is alleged that it relates to specific personal property or money or the value or the proceeds thereof (Matter of Trevor, 309 N. Y. 389, 392 [1955]). The question thus becomes whether the rents and profits here in dispute constitute such specific property or money.
In a sense, this matter has already been decided by my predecessor, Judge Cox, in framing the issues for trial in this case (Matter of Hall, N. Y. L. J. Oct. 20, 1966, p. 16, col. 2), and in that sense that decision may be said to be the law of the case.
Strongly supporting the view that this court has jurisdiction is Matter of Poth (155 Misc. 116 [Surr. Ct., Bronx County, 1935]) in which it was held that the Surrogate’s Court had jurisdiction of such a proceeding to recover rents and profit of realty, and that in connection with that controversy the Surrogate’s Court had jurisdiction to determine the ownership of the real property involved and to direct the respondent to execute and deliver to the executrix petitioner an assignment of a lease and the deed to the realty. Matter of Poth was cited with approval by the Appellate Division (2d Dept.) in Krewer v. Colavolpe (14 A D 2d 776 [2d Dept. 1961]).
Matter of Trevor (supra) recognizes that the definition of specific property for the purpose of discovery is rather broad. The court there said (309 N. Y. 389, 392): “ As was pointed out by Surrogate Wingate in Matter of Lusher (159 Misc. 387, 389): ‘ * * * If the genesis of the obligation of the respondent was predicated on "the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely in personam, it does not. ’ Thus property concerning which discovery has been held a proper remedy for recovery includes, among others, shares of stock, insurance policy proceeds, papers relating to financial affairs of deceased and other documents, death benefit from a labor organization, interest in a mortgage, a deposit of foreign money, secret commissions, money of a client held in trust by attorney, proceeds of sale of personal property, and securities or money commingled with trust funds. ”
Here, the genesis of the obligation of respondent was predicated on the possession of an asset. Neither side claims a mere debtor-creditor relationship. Respondent collected rents under claim of being either the owner or the agent of the owner. If he is not the owner, then it would seem that the true owner can ratify the agency and impress a trust on the rents collected.
*925 The court in the Trevor case (309 N. Y. 389, 394) apparently recognized the continuing validity of its decision in Matter of Wilson (252 N. Y. 155 [1929]). In the Wilson case, discovery proceedings in the Surrogate’s Court were held to lie where the claim was that, on the day before decedent died, respondent withdrew some money from accounts standing in decedent’s name and where it appeared that respondent had given the money to his wife so that he no longer had it in his control or possession. I think the Wilson case is authority for the jurisdiction of this court in this proceeding.
In view of the broad jurisdiction of this court “ to administer justice in all matters relating to the affairs of decedents ’ ’ (SCPA, § 201, subd. 3) (see “2” below), I think the court should not take a restrictive view of its jurisdiction here.
2. Once it is determined that this court has jurisdiction of the case as alleged by petitioner, that jurisdiction is not defeated by the fact that respondent claims an ownership interest in the property either as a sole owner, joint tenant or tenant in common, or by the fact that some sort of accounting may be necessary to determine how much is owed. As stated by the court in Matter of Poth (155 Misc. 116, 120-121): “ If I am ousted from jurisdiction merely because title to real estate is involved by a defense of alleged non-ownership in the estate, it follows that any agent or any unauthorized person, against whom a discovery proceeding is brought for rents which he has collected, may, by asserting title in a stranger, force the estate to seek relief in some other forum and interfere with and delay the administration of the estate. * * *
“ Not only have I jurisdiction to determine whether the said sum of $500 belongs to the estate or to the respondent, but by command of the statute (Surr. Ct. Act, § 206), I must hear and determine the issue raised in this proceeding as to the title to the collected rents involved in the inquiry and must make a decree accordingly. It is obvious that compliance with this statutory mandate is impossible without first determining the ownership of the realty which produced the rents. It follows that the statute must be construed to authorize the exercise of every jurisdiction necessary for such compliance.”
The basic jurisdictional charter of this court may be said to be subdivision 3 of section 201 of the SCPA, formerly section 40 of Surrogate’s Court Act: “ 3. The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or-all of the *926 parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.”
Commenting on the predecessor of this section, the Court of Appeals has indicated that the complete jurisdiction of the court extends to decreeing and winding up of the business of a partnership and that concentration of jurisdiction as to decedents’ estates is the purpose clearly revealed in the statutory scheme (Matter of Raymond v. Davis, 248 N. Y. 67, 72 [1928]). In the Raymond case, Chief Judge -Cabdozo said (p. 72): “ To remit the claimant to another forum after all these advances and retreats, these reconnaissances and skirmishes, would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked.” This observation has particular applicability to the present case. The present proceeding was begun on October 8,1965. In December, 1966, this case came to trial before my colleague and a jury, and .a mistrial was declared. The case appeared again on the calendars of May and June, 1967 and was not reached for trial then. It having now been reached for trial in October, 1967, to dismiss this proceeding on the jurisdictional ground here urged at the trial would, indeed, “ be a postponement of justice equivalent to a denial.”
The breadth of the Surrogate’s Court’s jurisdiction with respect to decedents’ estates has most frequently been recognized in relation to accounting proceedings (Matter of Gurevitch, 166 Misc. 439, 442 [Surr. Ct., N. Y. County, 1938]). There is nothing in either the statute or the reasons for the rule which limits this broad jurisdiction to accounting proceedings. Specifically, the power to dispose of the entire controversy has been exercised in both reverse discovery proceedings (Matter of Theiss, 161 Misc. 533 [Surr. Ct., N. Y. County, 1936], affd. 249 App. Div. 798 [1st Dept., 1937]) and in discovery proceedings (Matter of Poth, 155 Misc. 116, supra). The fact that an accounting may be necessary has been held not to bar jurisdiction (see Matter of Theiss, supra). Subdivision 4 of section 2104 of the SCPA explicitly vests this court in discovery proceedings with jurisdiction to ‘ ‘ make any determination which the supreme court might decree in following trust property or funds.” The court notes that while previously the jurisdiction in reverse discovery proceeding was somewhat broader than in discovery proceedings, subdivision 5 of section 2104 of the SCPA has, in effect, made the *927 jurisdiction in discovery proceedings as broad as that in reverse discovery proceedings.
Furthermore, section 202 of the SCPA provides: “The proceedings enumerated in this act shall not be deemed exclusive and the court is empowered in any proceeding, whether or not specifically provided for, to exercise any of the jurisdiction granted to it by this act or other provisions of law, notwithstanding that the jurisdiction sought to be exercised in the proceeding is or may be exercised in or incidental to a different proceeding. ” The revisers’ comments with respect to this section state: “ This section is intended to make it clear that the powers of the court are not limited to the specific proceedings in this act and to prevent an interpretation such as made of former Surr. Ft. Act in Matter of Venblow, 2 A D 2d 369, 156 N.Y.S. 2d 267, that the court could adjudicate a claim pertaining to an estate in an accounting proceeding, but not in an independent proceeding.”
It follows, as stated in Matter of Poth (155 Misc. 116, 121) that: “The exercise of this broad and comprehensive jurisdiction is restricted only by the provisions that an issue relating to a decedent’s affairs must first be raised between two or more parties to a proceeding of which a 'Surrogate’s Court has cognizance and in which a process has been returned to the court.” These preconditions exist and this court has complete jurisdiction to dispose of the matter.
The court notes that there may, in some circumstances, be troublesome questions as to the right to jury trial of some issues and not others. In the case at bar, the parties have stipulated that those issues which have not been submitted to the jury (primarily questions of amount and of the account, if any, between the parties) shall be determined by the court without a jury. The motion to dismiss is denied.