John D. Bennett, S.
Island Commercial Corporation, an alleged creditor of the within estate, has commenced these proceedings pursuant to CPLR 325 (subd. [d]) and SCPA 209 and 501 (subd. 1, par. [b]), requesting that this court consent to receive for trial an action that is presently pending in the Supreme Court of New York County.
Jacob M. Goldenkoff, a person not interested in this estate, commenced the afore-mentioned action in the Supreme Court to recover the sum of $20,000 allegedly loaned, as evidenced by promissory notes, to the applicant herein. Island Commercial Corporation then impleaded the within estate in the Supreme Court action by way of a third-party complaint, alleging that if the plaintiff recovers against Island Commercial Corporation for the amount of the loan, then it should recover over against the estate. Island Commercial Corporation alleges that the plaintiff was either paid or that the decedent herein forged checks which were allegedly drawn in order to satisfy the loan.
Prior to the commencement of the Supreme Court action the applicant herein was orally advised of the Goldenkoff claim and served its proof of a contingent claim (in the event Goldenkoff succeeded in the Supreme Court action) upon the executrix of the within estate on February 16, 1967. A formal rejection of the claim was served on March 6, 1967. The applicant did not commence a proceeding in any other forum within 60 days after the rejection of its claim pursuant to former section 211-e of the Surrogate’s Court Act (now SCPA 1810). In the Supreme Court proceeding the executrix of the within estate contends that Island Commerieial Corporation is barred from commencing the third-party action against the estate, and it may only have its claim decided by the Surrogate pursuant to former section 211-a of the Surrogate’s Court Act (now SCPA 1808).
The question of a claimant interposing a cross complaint or a third-party action in another forum after the time for it to start an independent cause of action against the estate has expired has not been decided by any recent case that this court can find. Although similar situations were discussed in Van Ness v. Kenyon (208 N. Y. 228) and Carpenter v. Newland (92 Misc. 596), the decisions were based on procedural law which is no longer in effect and therefore not directly applicable to present practice. However, if it were to be decided that the appellant would not be entitled to have the Supreme Court decide its third-party claim, then this matter would have to be litigated first in the Supreme Court, and, if the *286 plaintiff therein was successful, then in the Surrogate’s Court. Gircuitus est evitanclus.
Accordingly, this court feels it would be in the best interests for the proper administration of the within estate that, if possible (see Wyatt v. Fulrath, 13 A D 2d 250; Matter of Matz, 10 Misc 2d 72; Greenfield v. Realty Funds, 14 A D 2d 896; quaere: whether the Surrogate’s jursdiction over the initial Supreme Court cause of action could not be based on derivative jurisdiction of the Supreme Court?), the pending proceeding in the Supreme Court be transferred to this court, and, although it is questionable whether or not the consent of this court is necessary for the transferral of such action in view of article VI (§ 19, subd. a) of the State Constitution (Matter of Breen, 45 Misc 2d 374; see Practice Commentary to SOPA 209, 501; McKinney’s Cons. Laws of N. Y., Book 58A), this court, nonetheless, feels that the statutory provisions requiring the Surrogate’s prior consent are helpful in that the Supreme Court Justice will have the benefit of the Surrogate’s opinion in determining whether a transfer is proper or preferable. The application is thus granted.