John D. Bennett, S.
In this discovery proceeding the administratrix seeks to discover certain household goods and effects located at decedent’s former residence, the contents of a joint safe-deposit box, certain bank accounts, shares of stock, rents and an interest in real property. The respondent has interposed an answer, requested a bill of particulars and moved for an order dismissing that portion of the discovery proceed *240 ing relating to real property. It is the respondent’s contention that a discovery proceeding under SOPA 2103 may not he used to determine title to real property.
Traditionally, discovery proceedings under section 205 of the former Surrogate’s Court Act were limited to the equivalent of a proceeding to replevy an asset, and a fiduciary was not permitted to utilize such proceedings to correct a deed, determine rights under contracts or make a determination regarding other obligations which should be enforced in a common-law court (Matter of Sheridan, 39 Misc 2d 343; Matter of Dorn, 52 Misc 2d 360). Section 205 of1 the former Surrogate’s Court Act was liberally construed but was limited to the recovery of money and other personal property, and was not a vehicle to determine title to real property (Matter of Tuitt, 17 Misc 2d 915).
In the within proceeding, it appears that the real property is a two-family dwelling where rents may be involved. The Surrogate’s Court has jurisdiction with respect to rents and proceeds of real property claimed to have been owned by the decedent even if ownership is disputed by respondent. Such rents and proceeds constitute discoverable property under SCPA 2103 and jurisdiction is not defeated because the court must make a determination of title as an incident in establishing the estate’s rights to rents and proceeds (Matter of Hall, 54 Misc 2d 923).
SCPA 2103 does specifically limit discovery proceedings to money and other personal property for the proceeds or value thereof which should be paid to a fiduciary and accordingly, if the sole issue were title to real property, SCPA 2103 alone would not authorize a fiduciary to establish title to real property in the Surrogate’s Court. However, article VI (§ 12, subd. d) of the Constitution of the State of New York provides that the Surrogate’s Court has jurisdiction over all actions and proceedings relating to the affairs of a decedent. SCPA 201 gives broad jurisdiction to this court to administer justice in all matters relating to the affairs of the decedent. The length and breadth of that jurisdiction has been the subject of previous comment by this court (Matter of McElroy, 58 Misc 2d 93).
¡ Under SCPA 202 the proceedings enumerated under the SCPA are not to be deemed exclusive and the court is empowered in any proceeding, whether or not specifically provided for, to exercise any of the jurisdiction granted to it by the Constitution, the Surrogate’s Court Procedure Act or any other provisions of the law notwithstanding that the jurisdiction sought to be exercised in the proceeding is or may be exercised in or incidental to a different proceeding. Accordingly, if the court has *241 proper jurisdiction within a particular proceeding over all of the necessary parties, the court may exercise all of the jurisdiction afforded to this court regardless of the proceeding commenced by a petitioner. There is no question that this court has jurisdiction under SCPA 2103 over the within respondent regarding a number of the items enumerated in the petition for the discovery of money and other personal property, and it would be an injustice to have a fiduciary of an estate look to another forum for a portion of his relief against a respondent as such fragmentation merely delays the proper administration of an estate.
In the within proceeding, the court finds ample authority to make a determination regarding title to real property because it is incidental to a determination of the rights of the estate to rents and proceeds of the real property (Matter of Hall, 54 Misc 2d 923, supra). However, the court feels that, even if the title to real property were not only incidental but the sole issue of a discovery, a fiduciary should be permitted to commence a discovery proceeding within the jurisdiction of this court to discover real property, especially when a respondent is a necessary party in an accounting proceeding, determination of a claim or any other possible proceeding, be he a legatee, distributee, creditor or claimant against an estate.
The distinctions between personal and real property in estate practice have been virtually eliminated (Matter of Grace, 62 Misc 2d 51). In handling the affairs of a decedent, even subject matter over which this court may not initially have jurisdiction may be derivatively given to this court by the transfer of an action from the Supreme Court to the Surrogate’s Court (Matter of Suchoff, 55 Misc 2d 284). There have been proceedings pending in this court concerning the same decedent, wherein questions of a similar nature were outstanding in inter vivas trust accountings in the Supreme Court and, in the interest of eliminating multiple and fragmented litigation, such proceedings were transferred and consolidated in this court for a determination of all issues by an order of a Judge of the Supreme Court. The historical limitations of a discovery proceeding have ebbed in many respects either by statute (SCPA 2103, subd. 2) or by case law.
Although the court has jurisdiction to determine title to real property through other proceedings, the court accordingly respectfully recommends to the Legislature that SCPA 2103 be amended to provide that a fiduciary may discover within SCPA 2103 any asset of an estate including debts, contract obligations *242 and title to real property, and that any historical limitations1 regarding the jurisdiction of this court in a discovery proceeding he eliminated so that the court may exercise all of the jurisdiction already afforded to it hy section 12 of article VI of the Constitution and iSCPA 201 and 202. Such legislation will further the State’s policy of concentrating all proceedings relative to the administration of estates in the Surrogate’s Court.
The motion to dismiss that portion of the petition which requests and directs that an examination of the respondent he had with respect to the respondent’s interest in real property is denied.
Although the petitioner has not sought any relief1 regarding the demand for a hill of particulars, in order to avoid any possible delay and to avoid any further motions since the discovery proceedings are still in their inquisitorial stage, the time to supply the particulars requested in the demand by the respondent will be stayed until the completion of the inquisitorial stage of the examination of the respondent. The court will give a ruling at the completion of said examination as to the time a hill of particulars is to be served and filed with this court. All parties should he cognizant of the fact that one may not ask for particulars as to matters over which they have the burden of proof (Matter of Lenfestey, 28 Misc 2d 302).