John D. Bennett, S.
In these discovery proceedings the respondents move to vacate the order of inquiry obtained by the petitioner pursuant to SOPA 2103.
These discovery proceedings deal with specific items of recovery as well as possible rights afforded to the decedent’s estate pursuant to certain agreements. Respondents contend that since debts and contract obligations are involved, this court lacks jurisdiction over the subject matter and accordingly request that the proceedings be dismissed.
Under the narrowest construction of the jurisdiction of this court within SOPA 21 proceedings there is a basis of jurisdiction concerning bank books, papers and other specific items sought by the petitioner together with the right of inquiry to establish discoverable items and the cases are legion to support that jurisdiction. Problems do arise in such proceedings concerning whether this court has jurisdiction when debts and contract obligations are involved. The insurance funds provided under the agreements between the decedent and the respondents are a recoverable item even if, incidentally, the court must construe agreements or contracts. The mere mention of a contract does not oust this court of jurisdiction in discovery proceedings (Matter of Miller, 12 Misc 2d 443).
If the respondents sought by reverse discovery proceedings the stock of the decedent’s interest in the corporation to which the respondents and decedent were .stockholders, this court would have jurisdiction. It is not logical to deny the petitioner like relief in obtaining funds due her for the interest in the corporation pursuant to the stockholders’ agreement nor would justice be served if the court retained jurisdiction over some of the discoverable items and forced the petitioner to another forum for the balance of the relief sought. Such fractionalization is justice delayed and is not in keeping with the spirit of the constitutional, statutory and case law authorities for concentrating jurisdiction over the affairs of decedents in the Surrogate’s Court (Matter of Rungo, 74 Misc 2d 239; Matter of Hall, 54 Misc 2d 923; Matter of Lebowitz, 30 Misc 2d 964; Matter of Miller, supra).
If the petitioner had instituted these proceedings in another forum, this court {would have consented to have those proceedings transferred to this court so as to insure the expeditious determination of issues involved in the affairs of the decedent (Matter of Rungo, supra).
The historical limitations of discovery proceedings have ebbed in many respects (Matter of Rungo, supra). In any event, since *6 this court has jurisdiction over all of the parties in that they were properly served, and discoverable items are sought, this court is not limited to the jurisdiction afforded under SOPA 21 and may exercise any jurisdiction afforded to it under the Constitution and other statutory provisions pursuant to SOPA 202 (Matter of Rungo, supra). Only delay would be obtained if the relief sought in this motion were to 'be granted, which would not be in the best interests of the estate or any of the parties concerned.
The court will make the necessary rulings concerning the extent of discovery as the inquiry progresses.
The motion is denied.