John D. Bennett, J.
The motion by Uneeda Doll Company, Inc. to dismiss the 'discovery proceeding is hereby granted.
In this case the executor claims that this respondent is liable to the estate under and by virtue of an agreement allegedly made during the decedent’s lifetime by the respondent corporation with its stockholders of .which the decedent was one. To obtain such an adjudication and the enforcement of the respondent’s contractual obligations to the decedent or his estate is beyond the jurisdiction of this court. This question was settled in Matter of Trevor (309 N. Y. 389) decided under sections 205 and 206 of the ¡Surrogate’s Court Act, the forerunners of ¡SCPA 2103. The only change of substance effected by SCPA 2103 was to expand the procedure to permit a fiduciary to maintain the discovery proceeding without being required to have explicit information in advance. In other words, the requirement now is merely that the fiduciary ¡‘'‘•has reason to believe that a person has money or property or knowledge or information with respect thereto, even though he cannot allege that such person has specific money or property * * * It is believed that a fiduciary should ¡be free to examine in any case where he has reason to believe that a person has property of the estáte or knowledge about it which might make it possible to recover such property ”. (Revisers’ Notes, McKinney’s Cons. Laws of N. Y., Book 58A, SCPA, § 2103, pp. 365-366; emphasis supplied.) There are many cases which follow the rule in Matter of Trevor (supra), including Matter of Glasser (191 N. Y. S. 2d 751, mot. to dismiss app. den. 12 A D 2d 656, affd. 13 A D 2d 680); Matter of Jastrzewski (252 App. Div. 384); and Matter of Lifschutz (54 Misc 2d 289).
In support of this proceeding the executor cites Matter of MacElroy (58 Misc 2d 93); Matter of Rungo (74 Misc 2d 239); Matter of Goldstein (79 Misc 2d 4). The court finds that those cases are clearly distinguishable in that in all of them the prime purpose of the proceeding was to discover specific personal *679 property or a specific fund. In this case there is no claim that this respondent is possessed of any specific personal property or fund belonging to the decedent. As noted above, his sole and avowed purpose is to enforce the respondent’s contractual obligation under its agreement with the decedent. As a matter of fact, in Matter of Rungo (supra) this court recognized that a discovery proceeding cannot be used to recover a debt or contract obligation for the opinion there (p. 241) recommends that the Legislature amend SOPA 2103 so as to broaden the jurisdiction of the court. Incidentally, while that language did suggest that the Legislature include (pp. 241-242) “ debts, contract limitations and title to real property,” it was not intended by this court to suggest such an expansion as would compel this court to accept jurisdiction over the collection of a decedent’s bills, contract obligations of others to the decedent or similar causes of action unless directly connected with the administration of the decedent’s estate (see last sentence of the same paragraph ending atp. 242).
Accordingly, the proceeding is dismissed as to this respondent.