■ In the Matter of the Estate of WILLIAM E. SCHWARTZENBERG, Deceased. EILEEN M. SCHWARTZENBERG, as Administratrix of the Estate of WILLIAM E. SCHWARTZENBERG, Deceased, Respondent; MAX COHEN, Appellant. — Order of the Surrogate's Court, New York County (Marie M. Lambert, S.), entered January 6, 1983, which stayed arbitration pending resolution of discovery proceedings instituted by petitioner, Eileen M. Schwartzenberg, as administratrix of the estate of William E. Schwartzenberg, deceased, pursuant to SCPA 2103; granted amendment of the petition in said proceeding to reflect new facts and circumstances and directed that discovery upon oral examination of the parties as ordered by the court in an order dated and entered on October 6, 1981, proceed on January 10, 1983, is reversed, on the law, without costs, the stay of arbitration vacated, the parties directed to proceed to arbitration and the petition seeking discovery pursuant to SCPA 2103 is dismissed. ¶ Appeal from order of the Surrogate's Court, New York County (Marie M. Lambert, S.), entered October 1, 1982, is dismissed, without costs, as

having been superseded by the appeal from the said order of January 6, 1983. ¶ Petitioner-respondent, Eileen Schwartzenberg, in her representative capacity as administratrix of the estate of her late husband, William E. Schwartzenberg, seeks pursuant to SCPA 2103 to discover the extent of the interest of the deceased in a law partnership with Max Cohen and Walter J. Klein,* and to have the money or the personal property representing that interest delivered to her. ¶ The partnership agreement between the deceased, Cohen and Klein provides in paragraph 12 that upon the dissolution of the partnership for any cause whatsoever, other than "because of the misconduct of a partner", the interest of the retiring, withdrawing or former partner shall consist of "his capital account, which shall be determined upon an accounting" augmented by the specified fixed "percentages of the net attorneys' fees of all uncompleted cases as well as other fees for legal services that may be due and owing to the partnership at the time of the dissolution". Paragraph 13 of the agreement provides that where the dissolution of the partnership results from "the misconduct of a partner", the interest of that partner in the partnership shall be determined at arbitration. ¶ Finding that the dissolution of the partnership was caused by the death of one of the copartners, the Surrogate concluded that the matters before the court, i.e., the demand to have delivered to the personal representative of the deceased, the money or personal property representing the interest of the deceased in the partnership and to have discovery in aid thereof, were not proper subjects of arbitration under paragraph 13 of the agreement. While the death of Schwartzenberg would cause a dissolution of the partnership for all purposes except liquidation of its affairs (Partnership Law, § 62, subd 4) were it still in existence at the time of death, such dissolution would not entitle the personal representative to the relief demanded here. In such case, the right of Schwartzenberg in any specific property would vest in the surviving partner or partners. (Partnership Law, § 51, subd 2, par [d].) Moreover, paragraph 12 of the agreement expressly provides that the interest of the partner who withdraws "for any cause whatsoever" shall be fixed by an accounting. Until such an accounting is had there is no "*specific* personal property or money which belongs to the estate", possession of which can be obtained through a proceeding pursuant to SCPA 2103. (*Matter of Trevor,* 309 NY 389, 392; *Matter of Schwab v Bowen,* 80 Misc 2d 763.) If the dissolution of the Schwartzenberg, Cohen, Klein partnership in fact occurred upon Schwartzenberg's death, the surviving partners became vested with the partnership property and were entitled to wind up the partnership affairs, subject to an accounting to the estate, without interference from the personal representative of the deceased partner (43 NY Jur, Partnership, §§ 162, 163). ¶ It is alleged however that the partnership was in fact dissolved by oral agreement in October, 1981, because of the discovery of Schwartzenberg's misconduct. According to the proof before the court, it was agreed that the expenses of maintaining the office would continue during the winding up of the partnership and that all the terms and conditions of the partnership agreement concerning the rights and relationships of the partners would remain in full force and effect during the winding up of the affairs. That being the case, under the terms of paragraphs 13 and 14 of the agreement, the determination of Schwartzenberg's interest in the partnership would be determined by arbitration rather than by an accounting. ¶ In either event, unless and until the nature and extent of Schwartzenberg's interest in the partnership assets is determined either by arbitration pursuant to paragraph 14 of the agreement or by an accounting pursuant to paragraph 12, the SCPA 2103 proceeding may not properly be instituted, since the purpose of such proceed-

---

* It appears that Klein died during the pendency of this proceeding, leaving Max Cohen as the only surviving member of the partnership.

ing "is to obtain the possession of *specific* personal property or money which belongs to the estate. (*Matter of Stone,* 80 Misc 2d 762, 763, and cases cited therein; emphasis in the original.) Concur — Silverman, Bloom, Fein and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. The Surrogate, in her sound discretion, stayed the arbitration temporarily pending disclosure pursuant to SCPA 2103. The Surrogate had the power to do this (*Matter of Piccione,* 57 NY2d 278), inasmuch as the affairs of the petitioner's decedent were involved. ¶ The majority puts the cart before the horse in directing an arbitration or an accounting prior to a proceeding pursuant to SCPA 2103.