■ In the Matter of the Estate of LOUIS I. POKRASS, Deceased. HARVEY L. PARKER, Appellant; ALINE POKRASS et al., Respondents. — Order, Surrogate's Court, New York County (M. M. Lambert, S.), entered August 14, 1984, granting petition for

discovery, is unanimously modified, on the law and the facts, and in the exercise of discretion, so as to exclude from the discovery and examination (a) claims between Seventy-Second Street Properties, Inc. (72nd Street) and petitioner Parker, (b) claims between Sarkop Realty, Inc. (Sarkop) and the estate, and (c) discovery as to the financial condition of Mercer Mall Property Group (Mercer Mall); and the order is otherwise affirmed, without costs.

The foregoing limitations relate to examinations in the present proceeding with the present parties. For this purpose it is unnecessary to consider how extensive the power of the Surrogate's Court may be in a proceeding in which the other substantial parties in interest would be joined as parties and have an opportunity to be heard. (Cf. *Matter of Raymond v Davis*, 248 NY 67; *Matter of Piccione,* 57 NY2d 278.)

(1) The Surrogate's Court clearly has in personam jurisdiction as to petitioner Parker, who has instituted this proceeding in that court. Whether the Surrogate's Court now has in personam jurisdiction over other interested persons may be relevant but is not determinative as to that court's power to order discovery under SCPA 2103 or disclosure under CPLR article 31 from petitioner or from any other witness.

(2) The Surrogate's Court has jurisdiction to order disclosure under CPLR article 31 (see SCPA 102). It also has broad discovery powers under various provisions of the Surrogate's Court Procedure Act, of which the one here relevant is SCPA 2103. However, SCPA 2103 (subd 1) is in terms directed to seeking information relating to "any money or other personal property or the proceeds or value thereof which should be paid or delivered to him [the fiduciary]". Although that section has been liberally construed (see, e.g., *Matter of Young,* 80 Misc 2d 937; *Matter of Piccione,* 57 NY2d 278, *supra*), "the decisions interpreting that language disclose that it was not the intention of the Legislature that all estate claims were to be adjusted by way of a discovery proceeding. The purpose of such a proceeding in the Surrogate's Court is to obtain the possession of *specific* personal property or money which belongs to the estate" (*Matter of Trevor,* 309 NY 389, 392; accord *Matter of Schwartzenberg,* 99 AD2d 969, 970; *Matter of Young, supra,* at p 938; *Matter of Sklarsky,* 80 Misc 2d 677). The power to order discovery under SCPA 2103, like disclosure under CPLR article 31, is a discretionary one. In the exercise of that discretion, it is appropriate to consider whether some other proceeding is readily available in which the person against whom the estate's claim may exist can be a party, thus perhaps reducing duplication of effort. (See

*Matter of Rungo,* 74 Misc 2d 239, 241; *Matter of Goldstein,* 79 Misc 2d 4, 5.)

(3) As petitioner Parker has instituted a proceeding against the executors based on an assignment of a claim from 72nd Street to Parker, it is appropriate that Parker be examined as to all claims between the estate on the one hand and Parker and 72nd Street on the other. Such matters may bear on the validity the claim asserted by Parker or any offset or counterclaims that the estate may have the right to assert, either against Parker individually or 72nd Street. Parker says that he is only the liquidator of 72nd Street; the legal significance of that is not clear as it is normally the function of the directors of a corporation to wind up its affairs (Business Corporation Law, § 1006, subd [a]). On the record here, Parker is simply an assignee of a claim, asserting that claim, who is subject to defenses or setoffs existing against either the assignee or assignor, subject to the applicable rules of law. (See General Obligations Law, § 13-105; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:5.)

(4) The executors claim fraud with respect to redemption by 72nd Street for $1,500,000 of the 98% voting preferred stock of 72nd Street formerly held by the executors. The charge of fraud is rather conclusory. And there may be some question as to whether a claim based on a transaction entered into by the executors is a proper counterclaim against a claim arising out of transactions by 72nd Street with the decedent, because the claims are in different capacities. (See Siegel, Practice Commentaries, *op. cit.,* C3019:3; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.08, n 44; Prashker, NY Prac, p 373; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Matter of Britton,* 71 NYS2d 272.) But the claim does seem to fall within the literal language of SCPA 2103 as it relates to specific personal property which the executors claim should be paid or delivered to them (even though they may be expected to have more knowledge of the transaction than in the usual case to which SCPA 2103 is needed, where the transaction is with the decedent). It falls within the broad jurisdiction of the Surrogate's Court with respect to the "administration of estates" (NY Const, art VI, § 12, subd d; see *Matter of Piccione,* 57 NY2d, at pp 288-289). It involves a "substantial or basic aspect of the administration" of the estate (*Matter of Young,* 80 Misc 2d, at p 941).

Accordingly, examination may properly proceed with respect to the claim questioning the validity of redemption of preferred stock (even though it would probably be better to add 72nd Street itself as a party so that full relief may be granted).

(5) With respect, however, to claims *inter se* between 72nd Street and Parker, examination in this proceeding appears to be improper. Such claims are not claims by or against the estate or the executors, nor do they involve any property, specific or otherwise, to which the executors claim to be entitled. As the estate has only 8% of the common stock of 72nd Street, the effect of such claims, essentially stockholders' derivative claims, with respect to the estate is both indirect and minimal. They do not involve a "substantial or basic aspect of the administration" of the estate. (*Matter of Young, supra,* p 941.)

(6) Sarkop has made a claim against the estate. The executors say that they suspect there may be offsets against the claim. There is no suggestion that there is any specific property involved to which the executors may be entitled. It would appear that examinations with respect to the disputes between Sarkop and the executors should be conducted in a proceeding to which Sarkop is a party rather than examining petitioner Parker in a proceeding which would not bind Sarkop, and in which Sarkop could not be heard. This can be done presumably by the executors seeking an adjudication of the validity of Sarkop's claim, under SCPA 1809, and an appropriate examination in connection therewith. (If necessary such a proceeding could be consolidated with the present proceeding.) But in the present proceeding, standing alone, the examination of Sarkop is neither useful nor economical.

(7) Mercer Mall is a limited partnership in which the estate is a 25% limited partner, and of which petitioner Parker is one of the general partners having a 25% interest with another general partner having a 50% interest. The executors state that they have been unable to determine the true financial condition of the partnership and wish to "evaluate" their interest, and the executors further believe that funds of the partnership have been used for the personal benefit of the general partners. The conventional remedy of a limited partner would seem to be an accounting action to which the other partners are named as parties. We need not consider whether the Surrogate's Court would have jurisdiction of such an action. (See *Matter of Raymond v Davis,* 248 NY 67, *supra;* cf. *Matter of Schwartzenberg,* 99 AD2d 969, *supra.*) But this is not such a proceeding or action. There is apparently no claim by or against Mercer Mall; the major general partner of Mercer Mall is not a party to this proceeding; there is no claim with respect to Mercer Mall that anyone has some specific property to which the estate is entitled. It is not the function of discovery under SCPA 2103 merely to enable the executors to "evaluate" their interest in a limited partnership.

Accordingly, an examination as to Mercer Mall is improper in the present proceeding.

(8) With respect to Pennsauken Property Group (Pennsauken), the estate has an option to purchase a one-third interest for $1,000 which it has not exercised. Petitioner Parker is one of the two partners. While again the executors speak of their need to "evaluate" their option, there is obviously also a need to decide whether to exercise the option and thus obtain a one-third interest in Pennsauken. This seems close to a claim for specific property to which the executors may be entitled under SCPA 2103, and the present case appears to be a convenient proceeding for the estate to discover information to enable it to exercise its option to obtain this specific property. Therefore, examination as to this item is appropriate. Concur — Sandler, J. P., Ross, Carro, Silverman and Kassal, JJ.